Sherman Bennett Mayor City Attorney Hollywood
QUESTION:
Does a reservist who has served on `active duty for training' for more than 180 days since January 31, 1955, qualify for veterans' preference in employment with the state or its political subdivisions?
SUMMARY:
A reservist may not count his service in a military or naval training program which has been officially classified as `active duty for training' purposes in determining eligibility for veterans' preference in employment.
I answer your question in the negative for the following reasons.
Chapter 70-7, Laws of Florida, codified as s. 295.07(4), F. S. (1970 Supp.), provided:
 Veterans' preference in appointment, reinstatement and reemployment. — In certification for appointment, in appointment, in reinstatement, in reemployment and in retention in position in all establishments, boards, commissions, agencies, political subdivisions, and municipalities of the state, preference shall be given to:
 (4) Those ex-servicemen and women who have served on active duty in any branch of the armed forces of the United States during any war or in any campaign or expedition for which a campaign badge or service medal has been authorized, or who have served more than one hundred eighty days after January 31, 1955, and have been separated therefrom under honorable conditions. An initial period of active duty for training under the `six month' reserve or national guard programs does not count. An armed forces expeditionary medal or Vietnam service medal is hereby construed to be a campaign badge or service medal. (Emphasis supplied.)
Under the law, as then written, it is clear that a reservist who had no record of active duty other than the 6-month period of `active duty for training' required for his reserve duty could not qualify for preference under the statute. Chapter 77-422, Laws of Florida, substantially rewrote and renumbered s. 295.07(4), F. S. (1970 Supp.), to provide as follows:
 295.07 Veterans' reemployment or reinstatement and preference in appointment and retention. — A veteran shall be reemployed or reinstated to the position or an equivalent position that he or she held with the state or any of its political subdivisions prior to honorable military service, if the veteran returns to the position within 1 year of his or her normal date of separation or, when a person has been extended beyond his or her normal date of honorable discharge or separation due to military requirements, of the date of discharge or separation subsequent to that extension. The state and its political subdivisions shall give preference in appointment and retention in positions of employment, except those under s. 110.051(2), to:
 (3) The recently discharged veteran, who is a person who has served on active duty for 181 days or more between August 4, 1964, and May 7, 1975, and who was discharged or separated therefrom with an honorable discharge, or who was honorably discharged or separated from active duty for a service-connected disability if any part of such active duty was performed during the last preceding wartime era and who was so honorably discharged or separated within 48 months preceding the person's application for employment covered by this chapter. (Emphasis supplied.)
As can be seen, the substantial revision of the statutory provision deleted the specific restriction against including a reservist's `active duty for training' in calculating his `active duty' for purposes of veterans' preference.
Finally, Ch. 78-373, Laws of Florida, revised the provision once again to provide that veterans' preference (in nonexempt positions, cf. s. 110.051(2), F. S.) should be granted to:
 [a] veteran of any war who has served on active duty for 181 consecutive days or more, or who has served 180 consecutive days or more since January 31, 1955, and who was discharged or separated therefrom with an honorable discharge from the Armed Forces of the United States of America if any part of such active duty was performed during the wartime era. (Emphasis supplied.)
The term `veteran' has been defined by Ch. 78-10, Laws of Florida, codified as s. 1.01(15), F. S. (1978 Supp.), as follows:
 . . . a person who served in the active military, naval, or air service and who was discharged or released therefrom under honorable conditions only . . . . To receive benefits as a wartime veteran, a veteran must have served during one of the following periods of wartime service:
 (a) Mexican Border Period: May 9, 1916, to April 5, 1917, in the case of a veteran who during such period served in Mexico, on the borders thereof, or in the waters adjacent thereto.
 (b) World War I: April 6, 1917, to November 11, 1918; extended to April 1, 1920, for those veterans who served in Russia; also extended through July 1, 1921, for those veterans who served after November 11, 1918, and before July 2, 1921, provided that such veterans had at least 1 day of service between April 5, 1917, and November 12, 1918.
(c) World War II: December 7, 1941, to December 31, 1946.
(d) Korean Conflict: June 27, 1950, to January 31, 1955.
 (e) Vietnam Era: August 5, 1964, to May 7, 1975. (Emphasis supplied.)
In light of this history, the question, essentially, is whether a reservist who served on `active duty for training' (as distinct from `active duty') in the naval reserve service (as distinct from `the active . . . naval . . . service') for the requisite statutory period of wartime service is a `veteran' as that term is defined by s. 1.01(15), F. S. (1978 Supp.), and eligible to receive veterans' preference in employment pursuant to s.295.07(3), F. S. (1978 Supp.). The several statutes, as emphasized, specifically utilize the term `active duty,' and the definition of `veteran' set forth in s. 1.01(15) describes a person who served `in the active military, naval, or air service,' as opposed to serving on `active duty for training' purposes, in a military or naval reserve service. I note that, for purposes of preferential veterans' benefits under federal law, the terms `active duty' and `active duty for training' have two distinct meanings. `Active duty' is defined in pertinent part to mean `full-time duty in the Armed Forces, other than active duty for training.' 38 U.S.C. § 101(21)(A). `Active duty for training' is defined in pertinent part as `full-time duty in the Armed Forces performed by Reserves for training purposes.' 38 U.S.C. § 101(22)(A). The term `active military, naval, or air service' is defined as:
 . . . active duty, any period of active duty for training during which the individual concerned was disabled or died from a disease or injury incurred or aggravated in line of duty, and any period of inactive duty training during which the individual concerned was disabled or died from an injury incurred or aggravated in line of duty. [38 U.S.C. § 101(24).]
The material you sent to me concerning the reserve service record of the employee about whom your inquiry was made indicates that he served in the Naval Reserve Training Program for 206 consecutive days since January 31, 1955, and during a wartime era as specified in s. 1.01(15), F. S. (1978 Supp.). This service (during the period from April 1 to December 31, 1965) is listed entirely under the heading of `active duty for training' as separate and distinct from another heading for `active duty.' The employee is credited with no `active duty' service. He was honorably discharged from the United States Naval Reserve on March 8, 1971.
It is fundamental that the Legislature is presumed to know the meaning of words and terms used in a statute and is presumed to have chosen the words and terms used in order to express its intent. Florida State Racing Commission v. Bourquardez,42 So.2d 87 (Fla. 1949). A court will, accordingly, give meaning to the generally accepted construction and meaning of the words employed. Gaulden v. Kirk, 47 So.2d 567 (Fla. 1950); Gay v. City of Coral Gables, 47 So.2d 529 (Fla. 1950); and American Bankers Life Assurance Co. v. Williams, 212 So.2d 777 (D.C.A. Fla., 1968). It should be noted that the Legislature in s. 295.07, F. S., seeking to accord preferential benefits to those who served in the United States Armed Forces during periods of war, clearly made reference to federal law concerning benefits for veterans. See, e.g., s.295.07(1), which concerns veterans' preferences to disabled veterans with `disability' being determined in accord with federal law; and see s. 1.01(15), F. S. (1978 Supp.), prescribing periods of wartime service in accordance with the congressionally declared definitions — cf. 38 U.S.C. § 101(7), (8), (9), (29), and (30). It is the veterans' status as determined by federal law and regulations concerning the Armed Forces, periods of active wartime service and veterans' benefits that the Legislature has used to determine eligibility for veterans' preference. In the classification scheme set up by Congress to classify Armed Forces personnel and veterans for benefits purposes the terms `active duty' and `active duty for training' (as well as `active military, naval, or air service' which excludes reserve training service) have been given specific and distinct meanings. I am persuaded for the above reasons that the Legislature was well aware of the meaning ascribed to the term `active duty' when it used that term in s. 295.07, as amended from time to time, and the term `in the active military, naval, or air service,' as employed in s.1.01(15). This seems especially so since the Legislature, prior to the enactment of Ch. 77-422, Laws of Florida, specifically excepted from veterans' benefits those whose only service was classified by the Armed Forces as `active duty for training under the reserve or national guard programs.' While this specific exception is no longer a part of the statute, the fact remains that the Legislature uses only the term `active duty' which has a fixed meaning and has defined a `veteran' to mean a person who served in the `active military, naval, or air service,' rather than in a military or naval reserve training program, and has made no express provision whatever for those whose service was classified as `active duty for training' in a reserve training program. I am, therefore, of the opinion that a reservist may not count his service in a military or naval training program which has been officially classified as `active duty for training' purposes in determining eligibility for veterans' preference in employment under s. 295.07, as amended.
Prepared by:
Frank A. Vickory Assistant Attorney General