THOMAS, J.
 

 Appellant seeks review of his sexual offender designation and argues that he qualifies for exemption from the registration requirements under section 943.04354, Florida Statutes (2008), known as the “Romeo and Juliet Law.” Because Appellant was convicted of sex crimes in two separate cases, however, he is ineligible for exemption. We affirm the trial court’s order.
 

 Appellant was charged with lewd and lascivious battery of a victim over 12 but under 16 years of age, in violation of section 800.04(4), Florida Statutes. Appellant was also charged with the same offense in a separate case and with a different victim. Appellant entered pleas of guilty to the lesser included offense of lewd or lascivious conduct in both cases. He entered his pleas with the understanding that if the trial judge denied his motion for exemption from the requirement that he register as a sexual offender under section 943.04354, he would be allowed to withdraw his guilty pleas. At sentencing, Appellant argued that he qualified for the exemption; the State argued that he had two separate and distinct convictions of lewd and lascivious conduct, which disqualified him. The trial court denied Appellant’s motion for exemption, and he was sentenced to three years of incarceration, followed by five years of probation, and designated a sexual offender.
 

 On appeal, Appellant argues that he qualifies for exemption
 
 from
 
 the registration requirement under section 943.04354 because, although he was charged and convicted in two separate cases, requiring him to register as a sexual offender will lead to an absurd result where the Legislature intended to “keep ordinary individuals involved in young love from forever being branded ‘sexual offenders.’ ” The State argues that, because Appellant has convictions in two separate cases, section 943.04354 prohibits exemption from registration based on the plain meaning of the statute. Both parties agree that Appellant qualifies for exemption in all other respects.
 

 
 *1251
 
 Section 943.04354, Florida Statutes, provides for removal of the requirement for registration as a sexual offender or sexual predator under certain circumstances where registration would otherwise, be mandated. Section 943.04354 provides:
 

 (1) For purposes of this section, a person shall be considered for removal of the requirement to register as a sexual offender or sexual predator only if the person:
 

 (a) Was or will be convicted or adjudicated delinquent of a violation of s. 794.011, s. 800.04, or s. 847.0135(5) or the person committed a violation of s. 794.011, s. 800.04, or s. 847.0135(5) for which adjudication of guilt was or will be withheld, and the person does not have any other conviction, adjudication of delinquency, or withhold of adjudication of guilt for a violation of s. 794.011, s. 800.04, or s. 847.0135(5);
 

 (b) Is required to register as a sexual offender or sexual predator solely on the basis of this violation; and
 

 (c) Is not more than 4 years older than the victim of this violation who was 14 years of age or older but not more than 17 years of age at the time the person committed this violation.
 

 § 943.04354, Fla. Stat. (2008).
 

 ‘“The interpretation of a statute is a purely legal matter and therefore subject to the de novo standard of review.’ ”
 
 Kasischke v. State,
 
 991 So.2d 803, 807 (Fla.2008) (citation omitted). One of the first rules of statutory construction is that the plain meaning of the statute is controlling.
 
 Jackson County Hosp. Corp. v. Aldrich,
 
 835 So.2d 318, 329 (Fla. 1st DCA 2002). If the language is clear and unambiguous, there is no need to engage in statutory construction, and the statute should be given its plain and obvious meaning.
 
 Id.
 

 Section 943.04354 includes a requirement that “the person does not have any other conviction, adjudication of delinquency, or withhold of adjudication of guilt for a violation of s. 794.011, s. 800.04, or s. 847.0135(5)” and “[i]s required to register as a sexual offender or sexual predator solely on the basis of this violation.” A plain reading of the statute reveals that offenders with multiple sex crime convictions are ineligible for exemption from the registration requirement. Appellant argues that this reading of the statute is contrary to the Legislative intent, and the State acknowledges that this result may be an unintended consequence of Appellant’s separate cases with joint dispositions. Regardless, [t]his court is without power to construe an unambiguous statute in a way which would extend, modify, or limit its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power.
 
 Am. Bankers Life Assurance Co. of Fla. v. Williams,
 
 212 So.2d 777, 778 (Fla. 1st DCA 1968).
 

 Where the plain meaning of the statute excludes Appellant from qualifying for an exemption from the registration requirement, we are without authority to construe the law any differently. Appellant’s sexual offender designation is affirmed.
 

 AFFIRMED.
 

 LEWIS and WETHERELL, JJ., concur.