ALTENBERND, Acting Chief Judge.
Benjamin Turner seeks a writ of prohibition to prevent his prosecution on an indictment for sexual battery. We deny the petition.
Mr. Turner was a teenager in 1992 when he allegedly engaged in sexual intercourse with a girl under the age of twelve. The State delayed in charging him with this offense. In 1999, the State charged him by information as an adult. Thereafter, this court reversed his conviction, holding that proceedings against him could not be initiated by information. We left open the possibility that the State could file juvenile proceedings against him under chapter 39. Turner v. State, 769 So.2d 1108 (Fla. 2d DCA 2000).
On remand, the State initiated a juvenile proceeding against Mr. Turner. Because the State was concerned about its ability to file a juvenile proceeding against an adult over the age of nineteen,[1] the State also convened a grand jury and indicted Mr. Turner for this offense. We conclude that the State had the right to charge Mr. Turner by indictment for a life felony that allegedly occurred when he was a minor.
First, there is no dispute that this offense is a life felony. See § 794.011(2), Fla. Stat. (1991). As a result, proceedings for this offense are not barred by any statute of limitations. See § 775.15(1), Fla. Stat. (1991).
Second, section 39.022(5)(c)(l), Florida Statutes (1991),[2] provides:
A child of any age charged with a violation of Florida law punishable by death or by life imprisonment is subject to the jurisdiction of the court as set forth in § 39.049(7) unless and until an indictment on such charge is returned by the grand jury. When such indictment is returned, the petition for delinquency, if any, shall be dismissed and the child shall be tried and handled in every respect as if he were an adult.
If Mr. Turner could have been indicted for this offense as a child, resulting in the dismissal of the delinquency proceeding and the continuation of an adult proceeding, we see no reason to conclude that the circuit court lacks jurisdiction to prosecute Mr. Turner as an adult on an indictment obtained after he became an adult.
*322 We also find Mr. Turner’s second argument to <be -without merit and deny the petition as to it without discussion.
Petition for writ of prohibition denied with prejudice.
FULMER and DAVIS, JJ., Concur.

. See § 39.022(4), Fla. Stat. (1991).

. This provision is now contained in section 985.225, Florida Statutes (2000).