ALTENBERND, Acting Chief Judge.
Michael Shoemaker seeks a writ of prohibition to prevent his prosecution on an information charging him with handling and fondling a child under the age of sixteen years. We deny the petition.
Mr. Shoemaker is alleged to have committed the offense when he was 17 years old. The State, however, delayed in charging him with this offense until after his nineteenth birthday. When the State brought the charges, they did so by direct filing an information against him. See § 985.227(l)(b), Fla. Stat. (1997). Mr. Shoemaker moved to dismiss the information, arguing that because he was a child when the alleged offense occurred, the charges must be initiated in juvenile court, and because he was now over 19, no such charges could be instituted. We disagree.
It is undisputed that had Mr. Shoemaker been charged when he was a child, the State could have charged him as an adult by direct filing an information against him. See § 985.227(l)(b), Fla. Stat. (1997) (providing that “[w]ith respect to any child who was 16 or 17 years of age at the time the alleged offense was committed, the state attorney may file an information when in the state attorney’s judgment and discretion the public interest requires that adult sanctions be considered or imposed”). We see no reason to conclude that a different result should be reached simply because *351 the State waited to charge Mr. Shoemaker until after his nineteenth birthday. See Turner v. State, 788 So.2d 320 (Fla. 2d DCA 2001) (holding that where child could have been indicted for offense, circuit court did not lose jurisdiction simply because State delayed obtaining indictment until after child turned 19).
We therefore deny the petition for writ of prohibition with prejudice.
FULMER and DAVIS, JJ., Concur.