212 So.2d 777 (1968)
AMERICAN BANKERS LIFE ASSURANCE COMPANY OF FLORIDA, Petitioner,
v.
Broward WILLIAMS, As State Treasurer and Insurance Commissioner, Respondent.
No. K-70.
District Court of Appeal of Florida. First District.
July 23, 1968.
Rehearing Denied August 23, 1968.
Helliwell, Melrose & DeWolf, Miami, for petitioner.
Thomas E. Boyle and Stephen Marc Slepin, Asst. Attys. Gen., and Robert E. Gibson, Insurance Counsel, for respondent.
RAWLS, Judge.
American Bankers Life Assurance Company of Florida, a domestic life insurance company, filed its petition for writ of certiorari to review a final order of the Insurance Commissioner construing the phrase "taken by" when used in Section 624.0227, Florida Statutes, F.S.A., as having the effect of requiring an application for a life insurance policy to be either signed in the presence of the agent or submitted to him for scrutiny in the applicant's presence before being forwarded to the company for acceptance or rejection.
The construction of the above-mentioned statute is the only issue before this court.
Section 624.0227, Florida Statutes, F.S.A., reads as follows:
"(1) No life insurer shall deliver or issue for delivery in this state any policy of life insurance, * * * unless the application for such policy or contract is taken by, and the delivery of such policy or contract is made through, an insurance agent of the insurer duly licensed under the law of Florida, who shall receive *778 the usual commission due to an agent from such insurer.
"(2) Each such insurer shall maintain a licensed insurance agent at all times for the purpose of and through whom policies or contracts issued or delivered in this state, shall be serviced.
"(3) This section shall not apply to policies of insurance or annuity contracts on nonresidents which are applied for outside of and delivered in the state." (Emphasis supplied.)
The petitioner contends that the intent of the statute is to assure that all applications will pass through a licensed Florida agent and to prevent mail-order insurance written by nonadmitted insurers having no agents in Florida, but it does not require the physical presence of an agent at the time the application is completed. We agree.
In construing the above statute we are compelled to use the same rules as govern this court in construing any and all statutes. Words of common usage should be construed in their plain and ordinary sense.[1] The word "take" is a very general term with many definitions and without any very specific connotation. Among the most common meanings are: "to get into one's hands or into one's possession, power or control by force or stratagem" and "to pay or get hold of with arms, hands, or fingers."[2] Had the legislature intended the statute to import a more specific and definite meaning, it could easily have chosen words to express any limitation it wished to impose. We note that the section in question follows several others dealing with resident agents, which fact tends to support the petitioner's view of the legislative intent. This court is without power to construe an unambiguous statute in a way which would extend, modify, or limit its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power.
Both parties have admitted that Senate Bill 832, introduced in the 1967 Florida Legislature, proposed to amend Section 624.0227 by inserting the words "and witnessed by" following the words "taken by." The Insurance Commissioner submits that the Bill was amended to require the application to be taken "in person by a licensed agent," and though it was reported favorably out of committee, it was never acted upon by the Senate due to its busy calendar. The fact that the Bill was introduced supports our conclusion and serves as a reminder that the courts should never usurp legislative functions.
Certiorari is granted with directions that the portion of the Insurance Commissioner's January 31, 1968, order, as it relates to the construction of Section 624.0227, is quashed.
CARROLL, DONALD K., Acting C.J., and JOHNSON, J., concur.
NOTES
[1] Pedersen v. Green, 105 So.2d 1 (Fla. 1958).
[2] Webster's Third New International Dictionary, Unabridged, pp. 2329, 2330, 2331.