345 So.2d 1080 (1977)
Barbara SMITH a/K/a Beverly Denise Scanes a/K/a "Sunshine", Appellant,
v.
The STATE of Florida, Appellee.
No. 76-475.
District Court of Appeal of Florida, Third District.
April 19, 1977.
Rehearing Denied June 1, 1977.
*1081 Bennett H. Brummer, Public Defender and Beth C. Weitzner, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and Ira N. Loewy, Asst. Atty. Gen., for appellee.
Before PEARSON, BARKDULL and NATHAN, JJ.
PER CURIAM.
This is an appeal by the defendant, Barbara Smith, a/k/a Beverly Denise Scanes, a/k/a "Sunshine," from an order revoking probation on a charge of possession of a controlled substance. The trial court sentenced Sunshine to eighteen (18) months in the state penitentiary.
The sole point raised by the defendant on this appeal is that the trial court erred in revoking probation and in imposing a sentence of incarceration where the defendant was a juvenile at the time of the offense for which she was initially placed on probation; therefore, the circuit court never acquired the requisite jurisdiction to treat her as an adult, in violation of Section 39.02, Florida Statutes (1975).
The record reflects that the defendant was arrested on November 13, 1974, and charged with two counts of possession of a controlled substance. She told the police that her name was Barbara Smith and that she was born on October 21, 1953, making her age twenty-two. The defendant was represented by private counsel, and on April 7, 1975, by way of plea bargain, she pled guilty to one count of possession. The State dropped the second count, and the court entered an order of probation for a period of one year.
Subsequently, an affidavit and an amended affidavit of violation of probation were filed. On January 8, 1976, a probation revocation hearing was held. The defense moved to dismiss on the grounds that the defendant was only sixteen years of age at the time of the offense for which she was placed on probation; and that pursuant to Chapter 39, Florida Statutes, no procedure was implemented through which the trial court could have obtained jurisdiction over her. The defense contended that since the trial court lacked jurisdiction, the probation was a nullity and any action taken pursuant to it, such as revocation, would be void.
The trial judge did not consider the defendant's motion to dismiss, stating that the proper procedure to attack the probation would have been to appeal from the order of probation, and not to raise the validity of the probation at the revocation hearing. At the conclusion of the testimony, the court revoked the defendant's probation and imposed a sentence of eighteen months. It was brought out at the probation revocation hearing that the defendant's real name is Beverly Scanes, and that she was born on November 21, 1957, and was, therefore, only sixteen years of age at the time of the commission of the offense.
The record further discloses that the defendant testified at the probation revocation hearing that in the prior proceeding she lied under oath about her name, age and arrest record in order to avoid being sent to Youth Hall, and for the specific purpose of being placed on probation. Thus, she voluntarily submitted herself to the jurisdiction of the circuit court's adult division and pled guilty to a felony. When the trial court entered its order granting probation, which is an appealable order, the defendant did not take an appeal. She was represented by the same private counsel at the proceeding at which she was placed on probation, and at the revocation hearing; she misrepresented her name and age to the *1082 arresting authorities and to the court with the express purpose of subjecting herself to the jurisdiction of the adult court and obtaining probation. She accepted the benefits of probation and had one of the counts against her dropped as a part of the plea negotiations.
Under these circumstances, we find that Sunshine is estopped from changing her position and challenging the order of probation on the grounds of lack of jurisdiction to enter it. In our opinion, the trial court was correct in refusing to entertain the defendant's challenge to the order of probation at the time of the revocation hearing. Therefore, the order of revocation of probation and sentence to eighteen months are hereby affirmed.
Affirmed.