NESBITT, Judge.
The dispositive point here is whether defendant was entitled to be tried as a juvenile offender rather than as an adult. Because we find that at the time the information was filed the child had not committed *216 two delinquent acts, one of which involved an offense constituting a felony, we reverse his conviction as an adult and remand for further proceedings.
At the outset, we recognize that the state attorney has initial discretion to determine whether to proceed against a child in excess of sixteen years of age as an adult, pursuant to Section 39.04(2)(e)(4), Florida Statutes (Supp.1978). Masci v. State, 397 So.2d 984 (Fla. 3d DCA 1981). However, as the statute plainly provides, upon motion by the child, the case shall be transferred for juvenile adjudication if it is shown that the child has not previously been found to have committed two delinquent acts, one of which constituted a felony. State v. Cain, 381 So.2d 1351 (Fla.1980).
The defendant was informed against in the adult division of circuit court for the offense of burglary of a structure and grand theft. Eight days prior to the trial, he filed a motion activating the provisions of Section 39.04(2) (e) (4), supra, alleging that he had not previously been convicted of two delinquent acts, one of which constituted a felony. The state stipulated as to the basic facts but nonetheless argued that his conviction as an adult in another court prior to this offense made the statute inapplicable. We disagree.
In this case, the fact that the defendant’s motion to transfer was heard and determined prior to his trial readily distinguishes this case from Carter v. State, 382 So.2d 871, 873 (Fla.5th DCA 1980) and State ex rel. Ortez v. Brousseau, 403 So.2d 549, 550 (Fla.2d DCA 1981).
Next, the state, relying upon Smith v. State, 345 So.2d 1080 (Fla. 3d DCA), cert. denied, 353 So.2d 678 (Fla.1977), argues that the juvenile is estopped to request his transfer to the juvenile division because he lied about his age at the time of his arrest. We find that decision to be distinguishable. In that case, the juvenile lied about her age with the express purpose of subjecting herself to the jurisdiction of the adult court and obtaining probation. The defendant failed to appeal her conviction as an adult and accepted the benefits of an order of probation. It was not until post-judgment proceedings involving revocation of her probation that she sought to be treated as a juvenile. Under those circumstances, the court found that the juvenile was estopped from changing positions and asserting her right to be treated as a child. Those facts are not present here.
For the foregoing reasons, the defendant’s judgment of conviction and the order denying his motion to transfer the proceeding to the juvenile division of the circuit court are reversed and remanded for further proceedings.