543 So.2d 317 (1989)
Richard Lee WHITTINGTON, Appellant,
v.
STATE of Florida, Appellee.
Nos. 88-1399, 88-1718.
District Court of Appeal of Florida, First District.
May 4, 1989.
*318 Alan Rosner, of Harris, Guidi, Rosner, Ceballos & Daze, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., Richard E. Doran, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant Whittington seeks review of final judgments of May 25, 1988 and May 31, 1988, by which he was 1) convicted of two counts of burglary and sentenced to six months on each count, and 2) convicted of escape and sentenced to one year plus one day incarceration to run consecutively to the other pending sentences. We reverse because we find the trial court erred in denying appellant's Rule 3.850 motions to set aside and vacate sentence (Case No. 88-1718  burglaries), and in denying appellant's motion to dismiss the information for lack of jurisdiction (Case No. 88-1399  escape).
Appellant was arrested on March 8, 1988 for burglary, in violation of section 810.02, Florida Statutes. He was arrested again on March 10, 1988 for a second burglary. Appellant pleaded guilty on both counts, and was sentenced to two concurrent six month terms of confinement in the county jail. Appellant filed a motion to vacate and set aside each of the sentences pursuant to Rule 3.850, Florida Rules of Criminal Procedure, alleging as grounds that appellant's true date of birth was May 12, 1972, and at the time of his arrest his age was erroneously recorded as May 1, 1969, and his name was erroneously recorded as Richard E. Whittington. The public defender was unaware of appellant's true age and name when preparing his defense. Appellant alleged that the circuit court was without jurisdiction over appellant pursuant to Chapter 39, Florida Statutes, in that no certification hearing was conducted as required by section 39.09(2); and that the state attorney's office was without authority to file an information requiring that adult sanctions be considered or imposed pursuant to section 39.04(2)(e).
At the hearing on the motions to vacate and set aside the burglary sentences, the arresting officer, Japour, testified that at the time of the arrest appellant gave his name as Richard Elmore Whittington and indicated that he was 18 years old, having been born on May 1, 1969. Appellant testified on his own behalf, stating that Japour, after running a computer check, first stated appellant's name as Richard Elmore Whittington and age as 18, and that it was this information that persuaded him to give the officer information that he was 18 years old. He further stated that, "I figured I'd go ahead and go to adult and it would benefit me because the officer addressed me already, said I was 18... ." The trial court entered a single order denying both motions on grounds that appellant was estopped to challenge the sentence after misrepresenting his age, and on authority of Smith v. State, 345 So.2d 1080 (Fla. 3d DCA 1977).
Appellant was again arrested on April 26, 1988 for escape, in violation of section 944.40, Florida Statutes. During sentencing proceedings on the escape charge, appellant's counsel moved to dismiss the case on grounds that the trial court lacked jurisdiction because appellant was a juvenile at the time of the offense. The court denied appellant's motion. Appellant entered a plea of nolo contendere to the charge, expressly reserving the right to appeal the denial of the motion to dismiss.
*319 Florida courts have indicated that the provisions of chapter 39[1] are to be strictly construed. The opinion in State v. Rhoden, 448 So.2d 1013, 1016-17 (Fla. 1984), stated, in a case involving mandatory application of the sentencing provisions of section 39.111(6), that "the juvenile justice statutory scheme, as adopted by the Florida Legislature, grants to juveniles the right to be treated differently from adults. The legislature has emphatically mandated that trial judges not only consider the specific statutory criteria pertaining to the suitability of adult sanctions, but that they also reduce to writing their findings of fact and reasons for imposing adult sentence on a juvenile." In F.S.N. v. Joyce, 384 So.2d 720 (Fla. 4th DCA 1980), the court stated, in a case involving prosecution of a juvenile as an adult upon his motion seeking transfer of his case for disposition as an adult, on the issue of whether the juvenile was to be prosecuted as an adult for subsequent crimes, that:
In Robidoux [Robidoux v. Coker, 383 So.2d 719 (Fla. 4th DCA 1980)] we noted that chapter 39 vests exclusive original jurisdiction of juveniles in the juvenile division of the circuit court, and that adult treatment of juveniles is limited to the specific exceptions contained therein. We also held that we felt obligated, under the legislative scheme set out in chapter 39, to strictly construe the exceptions set out therein... . More importantly, we believe it was the intent of the legislature to limit the treatment of children as adults for subsequent violations to those situations in which the prosecutor, the grand jury, or the court has made an independent determination that the child should be treated as an adult for purposes of criminal prosecution. The decision to transfer `pursuant to a waiver hearing, indictment, or information' is in essence a determination by the appropriate authority that society will best be served by treating the child as an adult.
The facts of the present case are clearly distinguishable from Smith v. State, 345 So.2d 1080 (Fla. 3d DCA 1977). In Smith the defendant was 16 years old at the time she committed the offense. The court found that the record in that case revealed that the defendant had lied under oath about her name, age and arrest record in order to avoid being sent to youth hall, and for the specific purpose of being placed on probation. The defendant pleaded guilty to the offense as an adult, and was sentenced to one year probation. She did not challenge the order of probation until she had violated probation and was sentenced to 18 months incarceration. The defendant in that case therefore enjoyed the benefits of probation prior to challenging the order of probation. Chapter 39 expressly distinguishes between treatment of 15 year olds and 16 year olds, allowing as to the latter the state attorney at his discretion to file an information when in his judgment the public interest requires adult sanctions to be considered. Under chapter 39, a 15 year *320 old cannot be exposed to adult sanctions absent a waiver hearing and certification of the case by the trial court for prosecution, trial and sentencing as if the child were an adult. Appellant in this case was 15 years old at the time he committed the offenses. There is no indication from the record that his treatment as an adult benefited him with a more lenient sentence than would have been imposed if he had been prosecuted as a juvenile. Appellant challenged his sentence two months after he began serving six months in the county jail.
Under other circumstances it has been held that a defendant "cannot confer jurisdiction on the trial court by waiver, acquiescence, estoppel, or consent since jurisdiction is established solely by general law," White v. State, 404 So.2d 804 (Fla. 2d DCA 1981), even where the defendant enjoyed some benefit as a result of the court's improper exercise of jurisdiction. See also Wilson v. State, 487 So.2d 1130 (Fla.App. 1986). We note also that under chapter 39, sentencing of a juvenile who is treated as an adult must be pursuant to section 39.111(6), Florida Statutes (1987). The court in Rhoden, supra, held that application of the section 39.111(6) sentencing criteria is mandatory.
We conclude accordingly that the trial court erred in permitting appellant to be prosecuted, tried and sentenced as an adult in the absence of the state's and the court's compliance with provisions of chapter 39. The trial court's reliance in this case upon appellant's treatment as an adult in the two prior burglary convictions was therefore error. We are referred to no prior decision that a juvenile's treatment as an adult in one proceeding requires his treatment as an adult for subsequent offenses. Cf., Parker v. State, 410 So.2d 215 (Fla. 3d DCA 1982). In F.S.N., supra, the court found that the defendant's voluntary motion for adult disposition of a previous case did not warrant the juvenile's treatment as an adult for subsequent offenses, upon authority of now repealed section 39.02(5)(d), Florida Statutes (1979), which provided that once a child had been transferred for disposition of his case as an adult pursuant to a waiver hearing, indictment or information, and had been found to have committed the offense, the child thereafter would be handled as if he were an adult.
Reversed and remanded for further consistent proceedings.
ERVIN and BOOTH, JJ., concur.
NOTES
[1] Section 39.02(2), Florida Statutes (1987), provides:

During the prosecution of any violation of law against any person who has been presumed to be an adult, if it is shown that the person was a child at the time the offense was committed the court shall forthwith transfer the case, together with physical custody of the child and all physical evidence, papers, documents, and testimony, original and duplicate, connected therewith, to the appropriate court for proceeding under this chapter.
Section 39.02(5)(a) provides:
If the court finds, after a waiver hearing, that a child who is 14 years of age or older at the time the alleged violation was committed and who is alleged to have committed a violation of Florida law should be charged and tried as an adult, then the court may enter an order transferring the case and certifying the case for trial as if the child were an adult. The child shall thereafter be subject to prosecution, trial, and sentencing as if the child were an adult but subject to the provisions of section 39.111(6).
Section 39.04(2)(e) provides:
The state attorney may:
. . . . .
3. file a petition for delinquency with a motion to transfer and certify the child pursuant to section 39.02(5) and section 39.09(2) for prosecution as an adult;
4. with respect to any child who at the time of commission of the alleged offense was 16 or 17 years of age, file an information when in his judgment and discretion the public interest requires that adult sanctions be considered or imposed.