PER CURIAM.
This is an appeal from a conviction and sentence on two counts of sexual battery on a minor and five counts of lewd assault. We reverse and remand with direction to transfer to the juvenile division, which the trial court erroneously failed to do on motion by appellant.
Appellant was convicted following a non-jury trial. The information filed against him was filed in the criminal division of circuit court. Appellant was improperly charged by information in the criminal division rather than by petition for delinquency in the juvenile division because he may have been fifteen years old when the crimes took place. Appellant did not object to the court’s exercise of personal jurisdiction and move for transfer or dismissal until the state had rested its case on five of the seven counts. The record indicates appellant was aware of the jurisdictional issue several months before trial when he filed a motion for a statement of particulars. The trial court denied appellant’s motion to dismiss and his alternative motion to transfer jurisdiction to the juvenile division.
Sadly, neither party at the trial or appellate level called to the attention of either court, section 39.022, Florida Statutes (1995), which provides:
(2) During the prosecution of any violation of law against any person who has been presumed to be an adult, if it is shown that the person was a child at the time the offense was committed and that the person does not meet the criteria for prosecution and sentencing as an adult, the court shall immediately transfer the case, together with the physical custody of the person and all physical evidence, papers, documents, and testimony, original and duplicate, connected therewith, to the appropriate court for proceedings under this chapter.[1]
Having found it by our own research, we asked for supplemental briefs. The state responded by reliance upon State v. Griffith, 675 So.2d 911 (Fla.1996), which we conclude does not apply. As in State v. King, 426 So.2d 12 (Fla.1982), Griffith never raised the jurisdictional issue at the trial level, thus waiving it. Here, although belated in the trial proceedings, the issue was raised. The state’s further reliance upon dicta in Griffith is unfortunate. As we read it, the court was telling the state therein not only what it could have done but what it should have done when it said appellant could have been indicted. The conviction in Griffith, to us, was upheld solely because appellant waived the jurisdictional issue at the trial level, which is not the case here.
At some point on remand, the trial court should make a determination on the volun-tariness of appellant’s taped statements.
GLICKSTEIN and GROSS, JJ., concur.
PARIENTE, BARBARA J., Associate Judge, concurs specially with opinion.

. Here, at the time appellant moved for transfer to the juvenile division, appellee had failed to demonstrate that any of the criteria which would have allowed appellee to prosecute appellant as an adult had been met, i.e., no indictment returned, and no evidence of any wrongdoing after appellant turned 16.