737 So.2d 1141 (1999)
Leon WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3100.
District Court of Appeal of Florida, Fourth District.
June 16, 1999.
Certification Granted July 16, 1999.
Richard L. Jorandby, Public Defender, and Mallorye Cunningham, Assistant Public *1142 Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
The issue presented by this appeal is whether, when the only charge against this juvenile for which he could be prosecuted as an adult was nolle prossed, the remaining charges had to be transferred to juvenile court. We answer that question in the affirmative and reverse.
Appellant, who was fifteen years old, was charged by information with aggravated battery, a charge which qualified him to be prosecuted by the direct filing of an information in the criminal division of the circuit court. § 985.227(1), Fla. Stat. (1997). Because that charge qualified appellant to be treated as an adult, his other charges, not included in section 985.277(1), could also be prosecuted in the criminal division. § 985.227(3), Fla. Stat. (1997).
While all of the above charges were pending in the criminal division, the state nolle prossed the aggravated battery case, which was the only charge qualifying the appellant to be in the criminal division. After the nolle prosse, appellant moved the court to transfer the remaining charges back to the juvenile division on the ground that they did not qualify to be directly filed in the criminal division and there was no statutory authority for those cases to remain in the criminal division. The trial court denied the motion to transfer, but allowed appellant to plead no contest and reserve the right to appeal the denial of the motion to transfer.
There is no statutory authority allowing the criminal division of the circuit court to have retained the cases pending against appellant, once the aggravated battery charge was dropped. To the contrary, as our supreme court explained in State v. Griffith, 675 So.2d 911, 913 (Fla.1996):
The Juvenile Justice Act vests the juvenile division with exclusive jurisdiction over all proceedings in which a child allegedly violates the law unless, in compliance with the Act, juvenile jurisdiction is waived or the juvenile falls under a statutory exception.
Although it is not technically subject matter jurisdiction,[1] because juvenile court judges and criminal division judges are both circuit judges, our statutory scheme clearly contemplates that the remaining charges against the appellant could only have been prosecuted in juvenile division under our rules of juvenile procedure. We are therefore compelled to reverse.
GROSS and HAZOURI, JJ., concur.
NOTES
[1] It is not personal jurisdiction either, notwithstanding dicta in Miller v. State, 702 So.2d 617 (Fla. 4th DCA 1997), which uses that term.