754 So.2d 67 (2000)
Herman WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-2312.
District Court of Appeal of Florida, Fourth District.
March 8, 2000.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
*68 GROSS, J.
The issue in this case is whether appellant waived his right to be prosecuted as a juvenile, because he lied about his true age at the time of his arrest and failed to disclose it at his plea conference, in order to obtain a favorable bond and sentence.
Appellant's real name is Lorenzo Laron Brown. He has also used the aliases Herman Williams and Charles Brown. Appellant was arrested and charged with two crimes that occurred on November 25, 1997possession of cocaine and possession of cannabis. At the time of his arrest, appellant represented that he was born in 1979, such that he was an adult at the time the crimes were committed. On January 6, 1998, he pled guilty to these charges; the court withheld adjudication and placed appellant on probation.
Appellant was charged with violating his probation. On January 8, 1999, he pled guilty to violating his probation; the court adjudicated him guilty of the two crimes and sentenced him to 364 days in jail for the cocaine possession and to time served on the other charge.
Appellant's lawyer on the violation of probation charge began to represent him on an armed robbery charge. Appellant's mother told the lawyer that appellant was sixteen years old. On March 23, 1999, the lawyer filed a motion to vacate judgment and sentence on the cocaine and cannabis convictions. At a hearing on the motion to vacate, appellant explained that he went by the names Herman Williams and Charles Brown because he
was a juvenile and they hold you as a juvenile, but they will set bond if you're an adult and I had a pickup order as a juvenile. I had a possession of cocaine charge. And I tried to get out real fast, because if I told them I was a juvenile, they would hold meyou know.
So I went there and tried to get out fast, trying to bond out, but I didn't bond out.
A friend of mine told me to use an alias name and he'll come bond me out, but he didn't come bond me out, so I waited.
And I came to see you, Judge Goldstein, and then they gave me eighteen months probation. But since it wasn't on my name, and since I was so young, I didn't pay no attention to it, so when I got out, I didn't show up to appear on it, I ain't pay no attention to it.
Appellant admitted that he lied to the police and told them his year of birth was 1979 "[b]ecause I thought I could bond out." The trial court denied the motion to vacate.
The trial court correctly concluded that this case is controlled by Smith v. State, 345 So.2d 1080 (Fla. 3d DCA 1977). In that case, the defendant was 16-years-old at the time she committed the two counts of possession of a controlled substance. She lied to the police and told them she was born on October 21, 1953, making her 22-years-old. She also lied about her name and arrest record. These prevarications were told in order to avoid being sent to youth hall and for the specific purpose of being placed on probation. The defendant pled guilty as an adult to one count of possession of a controlled substance and the state dropped the second count. The court placed the defendant on probation for one year. Subsequently, defendant violated probation; the court revoked probation and sentenced her to 18 months incarceration. It was at the probation revocation hearing that the defendant finally informed the court of her real name and age.
On appeal, the third district framed the question as whether "the trial court erred in revoking probation and in imposing a sentence of incarceration where the defendant was a juvenile at the time of the offense for which she was initially placed on probation." Id. at 1081. The court affirmed the order of revocation of probation and sentence ruling that the trial court did not err because the defendant *69 voluntarily submitted herself to the jurisdiction of the circuit court's adult division and pled guilty to a felony. When the trial court entered its order granting probation, which is an appealable order, the defendant did not take an appeal. She was represented by the same private counsel at the proceeding at which she was placed on probation, and at the revocation hearing; she misrepresented her name and age to the arresting authorities and to the court with the express purpose of subjecting herself to the jurisdiction of the adult court and obtaining probation. She accepted the benefits of probation.
Id. at 1081-82.
Whittington v. State, 543 So.2d 317 (Fla. 1st DCA 1989), is distinguishable. In that case, the first district noted that there was no indication that the defendant's treatment as an adult benefitted him with a more lenient sentence than would have been imposed if he had been prosecuted as a juvenile. See id. at 320. In this case, appellant lied about his age to secure a quicker release after his arrest and to obtain a sentence of probation under an assumed name.
We also disagree with Whittington's suggestion that a juvenile's prosecution in adult court presents a jurisdictional problem. Prosecution of a juvenile under Chapter 985, Florida Statutes (1999), is not a question of jurisdiction, in the sense that a court has the power to hear the case. The circuit court has jurisdiction of felonies committed by both adults and juveniles. By the passage of the juvenile justice statutory scheme in Chapter 985, the legislature has granted to "juveniles the right to be treated differently from adults." State v. Rhoden, 448 So.2d 1013, 1016 (Fla.1984).
The right to be prosecuted as a juvenile is one that can be waived. In State v. Griffith, 675 So.2d 911 (Fla.1996), the supreme court held that a defendant waived his right to be charged as a juvenile by not asserting it at the trial level. The supreme court explained:
There is good reason for requiring defendants to register their objections with the trial court. A defendant should not be allowed to subject himself to a court's jurisdiction and defend his case in hope of an acquittal and then, if convicted, challenge the court's jurisdiction on the basis of a defect that could have been easily remedied if it had been brought to the court's attention earlier. Neither the common law nor our statutes favor allowing a defendant to use the resources of the court and then wait until the last minute to unravel the whole proceeding. Sawyer v. State, 94 Fla. 60, 113 So. 736 (1927). In this case, if the court had realized that respondent had been improperly charged by an indictment, the defect could have been remedied quite easily by the filing of an information under section 39.04(2)(e)4, or the transfer of the case to the juvenile division.
Id. at 913-14 (quoting State v. King, 426 So.2d 12, 15 (Fla.1982) (footnote omitted)); see State v. Fitzpatrick, 430 So.2d 444 (Fla.1983) (holding defendant who was 15 at the time of the commission of unarmed robbery and aggravated assault waived his right not to be indicted and tried in adult court where he did not assert this right at the trial level).
Under Griffith, a defendant can waive his right to be treated as a juvenile by silence; certainly, appellant's lying about his age to secure a desired bond coupled with his failure to disclose his true age at the plea conference, also amounts to a waiver of such a right.
AFFIRMED.
STEVENSON and SHAHOOD, JJ., concur.