WHATLEY, Acting Chief Judge.
Benjamin Turner was charged and convicted as an adult with committing a sexual battery in 1992 when he was fourteen years of age. In this appeal of that conviction, he contends that the trial court erred in denying his motion to dismiss for lack of subject matter jurisdiction because the State erroneously charged him as an adult despite the fact that he was a juvenile at the time the offense was committed. We reverse.
Turner is correct that his case should have been initially filed in the juvenile division.[1] In the nearly identical case of State v. Griffith, 675 So.2d 911, 913 (Fla.1996), the supreme court concluded that “the age of the defendant when the offense was committed rather than when the charges are filed controls whether the charges should be filed in juvenile court or criminal court....” The court agreed with the Fourth District’s holding “that in order to charge an adult with crimes committed while under the age of sixteen, the state must commence proceedings under chapter 39, part II, Florida Statutes (1983), and in that proceeding, the judge must decide whether the defendant may be waived over to adult court.” 675 So.2d at 912 (citing Griffith v. State, 654 So.2d 936, 941 (Fla. 4th DCA 1995)). The court noted, however, that the fact the case should have been filed in juvenile court did Hot involve a failure of subject matter jurisdiction “because the juvenile court and the criminal court are divisions of the circuit court.” 675 So.2d at 913. That fact notwithstanding, Turner preserved this issue for our review by objecting in the trial court to being treated as an adult.
Accordingly, we reverse Turner’s conviction and remand with directions that if any proceedings against Turner for the 1992 sexual battery are initiated, they must be commenced under chapter 39.
Reversed and remanded.
STRINGER and DAVIS, JJ., Concur.

. The State correctly points out that the state attorney may now file an information against a child who was fourteen or fifteen years of age at the time certain enumerated offenses, including sexual battery, were committed. See § 985.227, Fla. Stat. (1999). We conclude this is a substantive change in the law that became effective January 1, 1995. See § 39.052(3)(a)5.a., Fla. Stat. (Supp.1996).