826 So.2d 536 (2002)
T.W., a child, Petitioner,
v.
Ken JENNE, as Sheriff for Broward County, Florida, and the State of Florida, Respondents.
No. 4D02-3737.
District Court of Appeal of Florida, Fourth District.
October 4, 2002.
Alan H. Schreiber, Public Defender, and Donald J. Cannarozzi, Assistant Public Defender, Fort Lauderdale, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for respondents.
KLEIN, J.
Petitioner seeks a writ of habeas corpus as he is now being held without bond in the Broward County jail. At the time of his arrest for possession of cocaine with intent to deliver and resisting arrest without violence he was fifteen years old but represented that he was eighteen. He did so in order to be immediately released on bond because otherwise he could have been retained in juvenile detention up to twenty-one days.
As he anticipated, he was released on bond, but was rearrested for failing to appear at his arraignment and jailed without bond. He then filed an emergency *537 motion for the court to determine that he was a juvenile and for subsequent treatment as a juvenile. The trial court denied the motion.
The state relies on Williams v. State, 754 So.2d 67 (Fla. 4th DCA 2000) in which a juvenile lied about his age, failed to disclose it at his plea conference, and obtained a favorable sentence of probation. After violating his probation, he was sentenced to 364 days in jail. The defendant's mother then told his lawyer he was only sixteen years old, and his lawyer moved to vacate the conviction and sentence. At the hearing on the motion to vacate the defendant explained that he misrepresented his age in order to bond out as an adult rather than being held as a juvenile. The trial court denied the motion, and we affirmed, holding that lying about his age in order to secure a desired bond, in combination with failing to disclose his true age at the plea conference in order to obtain a favorable sentence of probation, amounted to a waiver of his right to be treated as a juvenile.
Williams relied on Smith v. State, 345 So.2d 1080 (Fla. 3d DCA 1977), in which the court held that a juvenile who lied about her age in order to receive a more lenient adult sentence of probation was estopped from later challenging that sentence on the ground that she was a juvenile. We distinguished Whittington v. State, 543 So.2d 317 (Fla. 1st DCA 1989), in which the juvenile lied about his age because in that case there was no indication that the juvenile's treatment as an adult benefitted him with a more lenient sentence.
The present case is distinguishable from Williams because petitioner is attempting to correct his misrepresented age early in the proceedings, rather than after receiving the benefit of a more lenient sentence as an adult than he might have received as a juvenile. As the court noted in Whittington, the juvenile justice statutes grant juveniles the right to be treated differently from adults. We conclude that, at this stage of the proceedings, petitioner did not unalterably waive that right and grant the writ.
POLEN, C.J., and MAY, J., concur.