862 So.2d 927 (2004)
Edgar ORDONEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-4240.
District Court of Appeal of Florida, Second District.
January 14, 2004.
*928 James Marion Moorman, Public Defender, and Julius J. Aulisio, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Deena DeGenova, Assistant Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
Edgar Ordonez challenges the trial court's order denying his motion to withdraw his guilty plea to one count of burglary with assault or battery and one count of sexual battery. Because the trial court denied Ordonez the opportunity to present evidence in support of his motion, we reverse and remand for further proceedings.
On March 21, 2002, the State charged Ordonez with burglary with assault or battery and sexual battery for events which allegedly occurred on March 2, 2002. On April 12, 2002, Ordonez signed a felony plea form indicating that he would enter a *929 guilty plea to both charges in exchange for concurrent sentences of 10.5 years' imprisonment on each count followed by ten years' sex offender probation. At the change of plea hearing on April 16, 2002, Ordonez entered the plea as indicated in the plea form. The trial court ordered a presentence investigation and set off sentencing until June 4, 2002.
On May 31, 2002, Ordonez filed a motion to withdraw his plea, alleging that he was only sixteen years old when he committed the crimes and that he should have been treated as a juvenile. At the previously scheduled sentencing hearing on June 4, Ordonez moved for a continuance to be allowed an opportunity to gather evidence to support his motion to withdraw his plea. Ordonez showed the trial court a faxed copy of a document from Guatemala purporting to establish that he was a juvenile. The State questioned the authenticity of this document; however, the trial court neither admitted the document into evidence nor found that it was inadmissible. The State also made representations concerning statements Ordonez had allegedly made to police officers when he was arrested and Ordonez's prior adult record, but the State offered no evidence in support of these representations. At the conclusion of the hearing, the trial court did not rule on Ordonez's motion to withdraw his plea. Rather, it granted Ordonez's motion to continue the hearing so that he could obtain his father's testimony and further documentation to support his assertion that he was a juvenile.
After several further continuances, the trial court held another hearing on August 6, 2002. At that hearing, Ordonez sought a further continuance to hire a private attorney. The trial court denied this request, stating, "[H]e'll have plenty of time to hire a new counsel if he wants another attorney, but we're at the conclusion of this case now and we need to finalize it." The trial court then sentenced Ordonez in accordance with the plea agreement without ever holding an evidentiary hearing on or ruling upon Ordonez's pending motion to withdraw his plea.
On September 3, 2002, Ordonez filed a new motion to withdraw his plea, again alleging that he was sixteen years old at the time of the offenses. At the hearing on this new motion, Ordonez sought to present the testimony of his father to establish the authenticity of the Guatemalan birth certificate, but the trial court refused to hear it, indicating that it had already held a hearing on the issue. Ordonez contended that there had never been an evidentiary hearing on his motion and that the trial court had never made a determination as to whether Ordonez was a juvenile. The court stated that it had "effectively denied" the earlier motion by going ahead with sentencing, and it denied the new motion on the basis of its earlier "ruling." This appeal followed.
When a defendant files a motion to withdraw a plea, the defendant has the burden to show good and sufficient cause to support the withdrawal. Robinson v. State, 761 So.2d 269, 274 (Fla.1999); Caddo v. State, 806 So.2d 520, 521 (Fla. 2d DCA 2001). Mere allegations are insufficient, and the defendant must offer proof that the plea was not voluntarily entered. Robinson, 761 So.2d at 274. Because the defendant has the burden of proof, it is reversible error for the trial court to fail to hold an evidentiary hearing to develop the facts when the motion alleges a sufficient basis to support withdrawal of the plea. Caddo, 806 So.2d at 521; Sanders v. State, 662 So.2d 1372, 1374 (Fla. 1st DCA 1995). In other words, if the allegations in the motion to withdraw the plea are facially sufficient, an evidentiary hearing is mandatory.
*930 In this case, Ordonez's motion was facially sufficient. See Figueroa v. State, 657 So.2d 1225, 1226 (Fla. 2d DCA 1995) (noting that the legislature has given juveniles the right to be treated differently from adults and that the acceptance of a juvenile's plea without the juvenile being advised of these additional and different rights renders the plea involuntary). Accordingly, the trial court was obligated to hold an evidentiary hearing on this issue. However, the trial court did not do so. Rather, at the only hearing at which Ordonez offered any evidence, the trial court did not rule on the admissibility of the document offered, and it granted Ordonez a continuance to obtain additional evidence. The trial court subsequently sentenced Ordonez without providing him an opportunity to present any additional evidence. Moreover, when Ordonez's father's testimony was offered at a later hearing, the trial court refused to hear it, erroneously stating that it had already ruled on the matter. This ruling, which denied Ordonez the opportunity to present evidence to meet his burden of proof, constitutes reversible error.
The State argues that even if Ordonez is a juvenile, no evidentiary hearing is necessary because Ordonez waived his right to be treated as a juvenile. We disagree for two reasons. First, the State presented no evidence to support its contention that Ordonez had misrepresented his age. While the State represented to the trial court that Ordonez had given a specific birth date to the officer who initially questioned him, the State did not offer any testimony from that officer. The State also argued that Ordonez had been previously convicted and sentenced as an adult in Hardee County; however, it offered no evidence of that conviction. In making the factual determinations which are relevant to the waiver claimed by the State, the trial court is not permitted to rely on the unsupported representations of the prosecutor. Competent evidence must be submitted and considered by the court at an evidentiary hearing. See State v. Thompson, 852 So.2d 877, 878 (Fla. 2d DCA 2003) (noting that the argument of counsel is not evidence); DiSarrio v. Mills, 711 So.2d 1355, 1357 (Fla. 2d DCA 1998) (same).
Second, the State did not establish that Ordonez received any benefit by misrepresenting his age. Courts have generally found a waiver of the right to be treated as a juvenile only when the juvenile has already obtained some benefit from misrepresenting his or her age. For example, in Williams v. State, 754 So.2d 67 (Fla. 4th DCA 2000), a juvenile lied about his age to obtain a favorable sentence of probation. Only after being sentenced on a violation of probation did the juvenile assert that he was entitled to be treated as a juvenile. The court held that the juvenile had waived his right to be treated as a juvenile by taking advantage of the more lenient sentence.
Similarly, in State v. Griffith, 675 So.2d 911 (Fla.1996), and State v. King, 426 So.2d 12 (Fla.1982), the court held that the juveniles had waived their right to be treated as juveniles when they failed to object to being tried as adults in the trial court and raised the issue for the first time only on appeal. On the other hand, in T.W. v. Jenne, 826 So.2d 536 (Fla. 4th DCA 2002), the court held that when the juvenile raised the issue of his minority early in the proceedings and before receiving the benefit of a more lenient sentence, he had not waived his right to be treated as a juvenile.
In this case, Ordonez raised the issue of his alleged minority early in the case. He had entered a plea but had not yet been sentenced. The plea was entered approximately *931 three weeks after the information was filed, and the allegations of minority were raised approximately six weeks after the plea was entered. Further, when he filed his motion, Ordonez had not received the benefit of any type of more lenient handling of his case. In the absence of any evidence that Ordonez actually misrepresented his age and obtained some benefit from that misrepresentation, there is no basis for holding that Ordonez waived his right to be treated as a juvenile.
Finally, the State questions the authenticity of the document purporting to establish Ordonez's date of birth, suggesting that the court should question a "document from an illegal from Mexico" and opining that the document was purchased or faked. However, there is nothing in the record to show that the trial court ever considered the admissibility of the document at issue. On remand, in determining whether the document is admissible, the trial court should consider whether the document is self-authenticating pursuant to section 90.902(3), Florida Statutes (2002). See Van Den Borre v. State, 596 So.2d 687 (Fla. 4th DCA 1992) (discussing the various means for authenticating a foreign document). If so, the State's arguments concerning the name on the birth certificate and the origins of that certificate go to the weight to be given the document rather than its admissibility.
Reversed and remanded for further proceedings.
FULMER and CANADY, JJ., Concur.