DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WESLEY BROWN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-1110

[December 12, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Charles E. Burton, Judge; L.T. Case No. 50-2015-CF-011550-AXXX-MB.

Carey Haughwout, Public Defender, and Virginia Murphy, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Senior Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Wesley Brown appeals his conviction and sentence in adult court for crimes committed as a juvenile. He specifically appeals the jurisdiction of the lower court and, alternatively, asserts a claim of ineffective assistance of trial counsel. For the reasons set forth below, we affirm Brown's conviction.

Brown faced numerous charges, including vehicular homicide; fleeing and eluding; and driving while license canceled, suspended, or revoked causing serious bodily injury or death. At the time of the incident that gave rise to these charges, Brown was fifteen years old; however, the case was direct-filed in adult court. At the time of the direct-file, Brown raised no objection; instead, the defense filed a Waiver of Arraignment, Plea of Not Guilty, and Demand for Jury Trial. Brown also filed a motion for bond reduction, which requested that he be released to "a maximum security *juvenile* commitment program" of the Department of Juvenile Justice. (Emphasis added). The court granted that motion. When the state filed

an amended information on Brown's charges, defense counsel again demanded jury trial. There was still no objection filed with the trial court, nor was one made after a request for a continuance and the filing of a second amended information thirteen months after Brown was initially charged.

As he previously requested, Brown took his case to trial, which resulted in a hung-jury and mistrial. At no time during that trial did Brown raise any jurisdictional objections. The court reconvened for a second trial on Brown's charges soon thereafter. As with the first trial, no objection was ever made regarding divisional jurisdiction. However, unlike the first trial, the second resulted in an outcome unfavorable to Brown—he received guilty verdicts on all three charges. A sentencing hearing was scheduled for six weeks later, and Brown waived a Pre-Sentence Investigation. As before, Brown raised no objection to proceeding in adult court.

The sentencing hearing began as scheduled, but due to the illness of the defense's expert witness, the trial court rescheduled the hearing for a week later to allow the expert to return and testify. Once again, no objection to the court's jurisdiction was made.

It was not until just prior to the rescheduled sentencing hearing when—for the first time—Brown's counsel raised the issue of jurisdiction by filing a motion to vacate the verdict and return the case to juvenile court. That motion asserted that the adult trial court lacked divisional jurisdiction over the case when it initially proceeded to trial. Particularly, it noted that vehicular homicide was not a criminal act for which a fifteen-year-old defendant's case could be direct-filed in adult court, pursuant to section 985.557(1)(a), Florida Statutes (2016). The motion also argued that Brown did not waive juvenile division jurisdiction by proceeding to trial.

Immediately prior to sentencing, a brief hearing was held on Brown's motion. The state asserted that the filing of Brown's charges in adult court was proper because they were lesser-included felony offenses of those enumerated in the direct-file statute. Further, it argued that Brown had indeed waived juvenile division jurisdiction by proceeding to trial in the adult division. While reiterating her position on the matter, defense counsel countered that nothing in section 985.557 indicated that lesser-included offenses were part of the statutory provision allowing for direct-file.

On the issue of Brown's waiver of juvenile court jurisdiction, the trial judge explained:

2

You know, and I do think there's something to be said for going through not one, but two trials and having a jury reach a verdict and then, you know, I'm not suggesting, of course, there was any shady behavior and I'm certainly not suggesting this was your strategy or anything else, I mean that would be ridiculous, but I think it can cover those situations as well. And so I just think in this case a waiver has been established, and I'm sure that's something the appellate court will deal with, and so I deny your motion.

The court considered Brown's fourteen prior felony convictions, rejected the defense's request for juvenile sanctions, and sentenced Brown to fifteen years in prison for vehicular homicide, plus a consecutive term of five years for fleeing or attempting to elude.[1]  This appeal followed.

"The Juvenile Justice Act vests the juvenile division with exclusive jurisdiction over all proceedings in which a child allegedly violates the law unless, in compliance with the Act, juvenile jurisdiction is waived or the juvenile falls under a statutory exception."  *State v. Griffith*, 675 So. 2d 911, 913 (Fla. 1996).  "Accordingly, in certain circumstances, children may be tried as adults and exposed to adult sanctions."  *Id.*

"[L]egislative intent is the polestar that guides a court's statutory construction analysis."  *State v. J.M.*, 824 So. 2d 105, 109 (Fla. 2002). "Further, . . . when [a court] construes a statute, '[it should] look first at the statute's plain meaning.'"  *Id.* at 110 (alterations added) (quoting *Moonlit Waters Apartments, Inc. v. Cauley*, 666 So. 2d 898, 900 (Fla. 1996)); *accord Stoletz v. State*, 875 So. 2d 572, 575 (Fla. 2004).  "When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning."  *A.R. Douglass, Inc. v. McRainey*, 137 So. 157, 159 (Fla. 1931).  Courts are "'without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications.  To do so would be an abrogation of legislative power.'"  *Holly v. Auld*, 450 So. 2d 217, 219 (Fla. 1984) (emphasis removed) (quoting *Am. Bankers Life Assurance Co. of Fla. v. Williams*, 212 So. 2d 777, 778 (Fla. 1st DCA 1968)).

"'Under the principle of statutory construction, *expressio unius est exclusio alterius*, the mention of one thing implies the exclusion of

---

[1] The trial court vacated Brown's conviction for driving while license canceled, suspended, or revoked causing serious bodily injury or death.

another.'" *Young v. Progressive Southeastern Ins. Co.*, 753 So. 2d 80, 85 (Fla. 2000) (quoting *Moonlit Waters*, 666 So. 2d at 900); *accord Thayer v. State*, 335 So. 2d 815, 817 (Fla. 1976). Put even simpler, "when a statute . . . lists the areas to which it applies, it will be construed as excluding from its reach any areas not expressly listed." *Siegle v. Lee Cty.*, 198 So. 3d 773, 775 (Fla. 2d DCA 2016); *see also State v. Hearns*, 961 So. 2d 211, 219 (Fla. 2007) ("[T]he forcible felony statute specifically enumerates two types of battery . . . . BOLEO is not among them. . . . Had the Legislature intended to include all types of battery as forcible felonies, it would have listed simply 'battery' rather than only the specific types enumerated."); *see e.g., Pro-Art Dental Lab, Inc. v. V-Strategic Grp., LLC*, 986 So. 2d 1244, 1258 (Fla. 2008) ("Had the Legislature intended for a commercial tenant [in this situation] to suffer an instantaneous default, it would have explicitly provided for such a severe sanction."); *Am. Bankers Life*, 212 So. 2d at 778 ("Had the legislature intended the statute to import a more specific and definite meaning, it could easily have chosen words to express any limitation it wished to impose.").

According to section 985.557(1)(a):

> With respect to any child who was 14 or 15 years of age at the time the alleged offense was committed, the state attorney may file an information when in the state attorney's judgment and discretion the public interest requires that adult sanctions be considered or imposed *and* when the offense charged is for the commission of, attempt to commit, or conspiracy to commit:

. . . .

> 8. Murder;
>
> 9. Manslaughter;

. . . .

(Emphasis added).

Lesser-included offenses are not included by silent incorporation into section 985.557(1)(a). For example, while vehicular homicide is a lesser-included offense of manslaughter, *see Luzardo v. State*, 147 So. 3d 1083, 1085 (Fla. 3d DCA 2014), under the plain language of the statute, vehicular homicide was not included by the legislature within the list of crimes providing the state with divisional prosecutorial discretion. *See* §

4

985.557(1)(a). Likewise, there are a number of offenses listed in section 985.557(1)(a) with lesser-included offenses also expressly enumerated in the statute.[2] *See Siegle*, 198 So. 3d at 775; *Pro-Art Dental*, 986 So. 2d at 1258; *Hearns*, 961 So. 2d at 219; *Young*, 753 So. 2d at 85; *Thayer*, 335 So. 2d at 817; *Am. Bankers Life*, 212 So. 2d at 778.

Taking the state's argument to its logical conclusion, any lesser-included offense to one of the enumerated crimes under the statute would qualify for direct-filing. For instance, simple assault is a lesser-included offense of aggravated assault; yet under that theory, the state could proceed with a direct-file in any simple assault case. Accepting this argument would run counter to the clear legislative intent found in the statute and would subject juveniles to direct-filing for a host of unenumerated offenses.

Given that the state improperly direct-filed Brown's case because a statutory exception does not apply to Brown's juvenile jurisdiction, we consider whether he waived any challenge to defending the case in adult court. "The right to be prosecuted as a juvenile is one that can be waived." *Williams v. State*, 754 So. 2d 67, 69 (Fla. 4th DCA 2000). In fact, courts have held that a defendant can waive his statutory right to be treated as a juvenile by silence. *See id.*; *see also Smith v. State*, 345 So. 2d 1080, 1081 (Fla. 3d DCA 1977) ("[The defendant] lied under oath about her name, age and arrest record . . . for the specific purpose of being placed on probation. Thus, she voluntarily submitted herself to the jurisdiction of the circuit court's adult division and pled guilty to a felony."). Additionally, challenges to adult court jurisdiction can be waived if raised for the first time on direct appeal rather than in the trial proceedings. *See State v. King*, 426 So. 2d 12, 14-15 (Fla. 1982). Therefore, the right to proceed by trial in juvenile court is not a substantive fundamental right guaranteed to a defendant, but is one that can be waived by mere inaction. *See, e.g., Snider v.*

---

[2] Illustratively, manslaughter is a lesser-included offense to the charge of murder, as are the crimes of aggravated assault and aggravated battery. *See* § 985.557(1)(a)(6), (8), (9), and (12); Fla. Std. Jury Instr. (Crim.) 7.2. Similarly, aggravated assault is also a lesser of manslaughter, yet both crimes are listed separately in the statute. *See* § 985.557(1)(a)(6) and (9). Additionally, a lewd and lascivious offense on a victim under the age of 16 is a lesser included offense of sexual battery; both crimes are also separately included in the enumerated list. *See* § 985.557(1)(a)(2) and (13); Fla. Std. Jury Instr. (Crim.) 11.4. Robbery is a lesser of home invasion robbery, yet both are enumerated. *See* § 985.557(1)(a)(3) and (17); Fla. Std. Jury Instr. (Crim.) 15.3. Finally, grand theft in the first degree is a lesser of home invasion robbery, and both are specifically enumerated. *See* § 985.557(1)(a)(15) and (17); Fla. Std. Jury Instr. (Crim.) 15.3.

5

*Metcalfe*, 157 So. 3d 422, 424 (Fla. 4th DCA 2015) ("Lack of personal jurisdiction is a waivable defense that must be raised at the 'first opportunity' and before the defendant takes any steps in the proceeding constituting submission to the court's jurisdiction."); *Bryant v. State*, 650 So. 2d 68, 69-70 (Fla. 5th DCA 1995) (holding that where the state files an information against a defendant after the speedy trial period, a defendant waives the speedy trial right without taking timely action). Not all structural defects in the framework of the trial process amount to fundamental, non-waivable error. *See Alvarez v. State,* 827 So. 2d 269, 274 (Fla. 4th DCA 2002) ("We hold that failure to object to the closure of a trial constitutes a waiver of the right to a public trial.").

In *Griffith*, the Florida Supreme Court explained:

> "There is good reason for requiring defendants to register their objections with the trial court. *A defendant should not be allowed to subject himself to a court's jurisdiction and defend his case in hope of an acquittal and then, if convicted, challenge the court's jurisdiction on the basis of a defect that could have been easily remedied if it had been brought to the court's attention earlier.* Neither the common law nor our statutes favor allowing a defendant to use the resources of the court and then wait until the last minute to unravel the whole proceeding. *Sawyer v. State,* 94 Fla. 60, 113 So. 736 (1927). In this case, if the court had realized that respondent had been improperly charged by an indictment, the defect could have been remedied quite easily by the filing of an information under section 39.04(2)(e)4, or the transfer of the case to the juvenile division."

*Griffith*, 675 So. 2d at 913-14 (emphasis added) (quoting *King*, 426 So. 2d at 15). That is precisely what happened in this case.

Other cases have held that the right to be treated as a juvenile is not waived provided it is brought to the trial court's attention, even belatedly. *See Miller v. State*, 702 So. 2d 617, 618 (Fla. 4th DCA 1997); *T.W. v. Jenne*, 826 So. 2d 536, 538 (Fla. 4th DCA 2002); *Turner v. State*, 769 So. 2d 1108, 1109 (Fla. 2d DCA 2000).

In *Miller*, the defendant appealed his conviction and sentence on two counts of sexual battery on a minor and five counts of lewd assault. 702 So. 2d at 618. The information filed against him was improperly direct-filed in the adult criminal division rather than in the juvenile division "because he may have been fifteen years old when the crimes took place."

6

*Id.* The defendant "did not object to the court's exercise of [divisional] jurisdiction . . . until after the state rested its case on five of the seven counts[;]" even though he had been aware of the jurisdictional mistake several months prior. *Id.* (alteration added).[3] This court found that although the defendant's motion was belated in the trial proceedings, the issue was nonetheless timely raised with the trial court. *Id.*

In *T.W.*, the petitioner sought a writ of habeas corpus due to being held in jail without bond. 826 So. 2d at 536. When he was initially arrested at fifteen years old, he presented himself as eighteen "in order to be immediately released on bond because otherwise he could have been retained in juvenile detention up to twenty-one days." *Id.* As a result of this misrepresentation, he was released on bond as desired; however, he was rearrested after he failed to appear at his arraignment and was jailed without bond. *Id.* Thereafter, the defendant filed an emergency motion for the court to determine that he was a juvenile, which was denied. *Id.* at 536-37. On appeal, this court noted that the petitioner did not waive his right to be treated as a juvenile because he attempted "to correct his misrepresented age early in the proceedings, rather than after receiving the benefit of a more lenient sentence as an adult than he might have received as a juvenile." *Id.* at 537.

In *Turner*, the defendant was charged as an adult for crimes committed when he was fourteen. 769 So. 2d at 1109. Prior to trial, defense counsel filed a "motion to dismiss for lack of subject matter jurisdiction because the State erroneously charged him as an adult despite the fact that he was a juvenile at the time the offense was committed." *Id.* The trial court denied the motion and the defendant was convicted. *Id.* He appealed on the issue of juvenile jurisdiction and the Second District reversed his conviction and remanded with directions that any future proceedings on the charges be commenced in juvenile court. *Id.*

Each of the above-cited cases are distinguishable in that the question of juvenile jurisdiction was brought to the respective court's attention *before* the jury's verdict. We allow such late requests in deference to a defendant's right to have his case heard in the juvenile division pursuant to the Juvenile Justice Act. Moreover, this makes sense from a practical standpoint. Before either acquittal or conviction is determined, both the state and the defendant are equally positioned since neither knows for sure what the outcome of the contest will be. A defendant who makes a

---

[3] Initially, the *Miller* court discussed this issue as one of personal jurisdiction, but we recognize that is not the case. *See Williams v. State*, 737 So. 2d 1141, 1142 n.1 (Fla. 4th DCA 1999).

belated request to move his case to the juvenile division gains little benefit by doing so before the jury reaches its verdict.

But once the jury either acquits or convicts the defendant, the relative position of the parties—and their knowledge about the outcome—changes. A defendant who is permitted to make a belated challenge to jurisdiction *after* being found guilty effectively seeks to substantially benefit from sitting on his hands, "confident that an unvoiced objection will garner a new trial if the verdict is unfavorable." *Hargrove v. CSX Transp., Inc.*, 631 So. 2d 345, 346 (Fla. 2d DCA 1994). That would be improper. A defendant simply cannot allow error to occur without objection, hope they will win despite the error, and be confident of a new trial when the trial court has not been afforded the opportunity to cure it. Here, Brown failed to request a transfer to juvenile court and instead "rolled the dice" with a jury trial in the adult division and lost. After the verdict was announced, it was too late to cry foul.

We take no position on whether electing to have this case proceed in adult court—thereby permitting the case to be heard by a jury rather than a judge—was a matter of trial strategy. Similarly, we do not decide on when defense counsel knew or should have known that the case could be heard in the juvenile court. Instead, we note only that allowing a defendant to escape the consequences of a jury verdict by waiting to raise this issue until after he is convicted would be tantamount to the loser of a football game waiting until the final second of regulation expires before raising issue with the coin toss. The time to raise the issue of divisional jurisdiction in this case was before the jury found Brown guilty, not after.

As to Brown's claim of ineffective assistance of counsel, this court has stated, in general, that a claim of ineffective assistance of counsel cannot be raised for the first time on appeal; instead, such a claim is properly made in a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. *See Odeh v. State*, 82 So. 3d 915, 923-24 (Fla. 4th DCA 2011). An appellate court may review an ineffective assistance of counsel claim on direct appeal when the alleged ineffectiveness is apparent on the face of the record. *See Kidd v. State*, 978 So. 2d 868, 869 (Fla. 4th DCA 2008). This exception is rarely applicable, *see Boyd v. State*, 45 So. 3d 557, 560 (Fla. 4th DCA 2010), because "[s]uch claims ordinarily turn on issues of fact and both sides are entitled to present relevant evidence to the trial court to resolve those issues." *Gordon v. State*, 469 So. 2d 795, 798 (Fla. 4th DCA 1985) (Anstead, J., concurring specially). Here, we are unable to conclude that the alleged ineffectiveness is "obvious on the face of the appellate record, the prejudice caused by the conduct is indisputable, and a tactical explanation for the conduct is inconceivable."

*Larry v. State,* 61 So. 3d 1205, 1207 (Fla. 5th DCA 2011) (quoting *Corzo v. State,* 806 So. 2d 642, 645 (Fla. 2d DCA 2002)).

We affirm Brown's judgment and sentence and deny his claim of ineffective assistance of counsel without prejudice to file a rule 3.850 motion for postconviction relief in the trial court.

*Affirmed.*

KUNTZ, J., concurs.

TAYLOR, J., dissents with opinion.

TAYLOR, J., dissenting.

I respectfully dissent and would reverse and remand this case for further proceedings in the juvenile division of the circuit court. The juvenile division has *exclusive* jurisdiction over juvenile offenders unless the offender waives juvenile jurisdiction or a statutory exception applies. As explained below, appellant did not waive juvenile jurisdiction and, as the majority acknowledges, no statutory exception applies to his vehicular homicide charge. Vehicular homicide is not included in the list of criminal charges that may be direct-filed in adult court under section 985.557(1)(a), Florida Statutes.

Appellant cannot be said to have waived his right to be treated as a juvenile, because, here, the trial court was made aware of the improper direct-filing of his case at the trial level before sentencing. As the majority points out, "[o]ther cases have held that the right to be treated as a juvenile is not waived provided it is brought to the trial court's attention, even belatedly." In *Miller v. State,* 702 So. 2d 617 (Fla. 4th DCA 1997), the defendant did not object to the adult court's exercise of jurisdiction over his case until after the state rested its case on several counts of sexual battery. We reversed the trial court's order that found waiver and denied the defendant's motion to transfer his case to juvenile court. We ruled that *State v. Griffith,* 675 So. 2d 911 (Fla. 1996), did not apply:

> As in *State v. King,* 426 So. 2d 12 (Fla. 1982), Griffith never raised the jurisdictional issue at the trial level, thus waiving it. Here, although belated in the trial proceedings, the issue was raised. . . . The conviction in *Griffith,* to us, was upheld solely because appellant waived the jurisdictional issue at the trial level, which is not the case here.

*Miller*, 702 So. 2d at 618.

Similarly, that is not the case here. Unlike the defendants in *King* and *Griffith*, the juvenile in this case did not raise his right to be treated as a juvenile for the first time on direct appeal. Instead, he challenged the adult court's jurisdiction at the trial level before sentencing. According to the record, his attorney first became aware that he was being improperly tried in adult court on the morning of sentencing and moved to transfer his case to juvenile court. In my view, by proceeding to a jury verdict in adult court and raising the jurisdictional issue before sentencing, appellant could at most be deemed to have waived his right to an adjudicatory hearing in juvenile court. But appellant cannot be deemed to have waived his right to a disposition hearing in juvenile court.

Even if a finding of waiver could be considered appropriate in this case, alternatively we should reverse appellant's conviction and sentence because of ineffective assistance of counsel. It is apparent on the face of the record that trial counsel was ineffective by proceeding to trial in adult court, and appellant was prejudiced by that ineffectiveness with a lengthy adult prison term rather than juvenile sanctions.

Although claims of ineffective assistance of counsel are usually addressed during postconviction proceedings, this case compels review on direct appeal. Here, the ineffectiveness is "obvious on the face of the appellate record, the prejudice caused by the conduct is indisputable, and a tactical explanation for the conduct is inconceivable." *See Bagnara v. State*, 189 So. 3d 167, 171 (Fla. 4th DCA 2016) (quoting *Corzo v. State*, 806 So. 2d 642, 645 (Fla. 2d DCA 2002)).

To prove a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Under *Strickland*, a petitioner must show that: (1) counsel's performance was deficient and (2) that the deficient performance resulted in prejudice. *Id.* at 686. Citing the National Juvenile Defender Center's Florida *Guidelines of Practice for Attorneys Who Represent Children*, appellant argues that his trial counsel was required to act with the same zealousness as adult counsel, have a working knowledge of juvenile law and practice, and promptly pursue procedural steps to protect the child's interests. Here, trial counsel's failure to recognize early in the trial proceedings that this case was improperly filed in adult court and to move to transfer it to juvenile court fell below the objective standard of reasonableness.

As to the prejudice prong of *Strickland*, appellant was obviously prejudiced by being subjected to a substantially harsher penalty than one which he would have faced had he been found delinquent in juvenile court. Appellant received an aggregate sentence of twenty years in prison, as compared to a maximum six-year term in a residential juvenile program. "[T]he Legislature created the juvenile justice system as a separate, distinct rehabilitative alternative to the more punitive, incapacitation-oriented criminal justice system." *E.A.R. v. State*, 4 So. 3d 614, 617 (Fla. 2009). Sentenced as an adult, appellant was denied the rehabilitative services offered in the juvenile court system and deprived of the opportunity to achieve rehabilitation through supervision, counseling, and treatment.

I strongly disagree with the majority's view that we are unable to decide appellant's claim of ineffective assistance of counsel in this appeal. It is clear from the face of the record that counsel's performance was deficient and that appellant suffered prejudice as a result. In my view, it would be a waste of time and judicial resources to require appellant to seek relief through postconviction proceedings. No evidentiary hearing is needed because, based on the record before us, there is no reasonable strategic reason for counsel's failure to move to transfer this case to juvenile court. Defense counsel stated on the record in open court that she did not realize that this case was improperly filed until just a few hours before sentencing. The trial court found her credible and apparently agreed that her failure to raise this issue until late in the proceedings was a mistake, not a strategy decision. The court stated: "I'm not suggesting this was your strategy or anything else, I mean that would be ridiculous."

For the above reasons, I would reverse appellant's conviction and sentence, and remand with directions to transfer his case to juvenile court for further proceedings.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

11