KLEIN, Judge.
Appellee was charged with filing a fraudulent claim of exemption for sales taxes after he used a cancelled sales tax number of a dissolved corporation to purchase an automobile without paying taxes. The trial court dismissed the information on the ground that the statute of limitations had run. In doing so, it imputed the knowledge of one state agency, the Department of Motor Vehicles, to a different state agency which is charged with the responsibility of prosecuting these offenses, the Department of Revenue. We reverse.
Appellant owned a corporation called Southeast Leasing Corp., Inc. The corporation’s tax exemption number was cancelled in 1985, when the corporation ceased doing business, and the corporation was dissolved in 1987. Appellant was charged with using the cancelled sales tax number of the dissolved corporation in 1990 to purchase an automobile and avoid paying $978 in sales taxes. The Florida Department of Motor Vehicles was notified of the purchase of the vehicle in 1990 and was informed by a written certificate that the sales tax exemption number had been used.
The Department of Revenue has the responsibility of collecting, investigating, and enforcing tax collection. § 20.21(3)(d), Fla. Stat. (1991). It was not informed of the crime until June of 1994 when the Delray Beach Police Department discovered appellant’s fraudulent use of the exemption for a number of vehicles, including the one involved here.
Appellant was charged by an information in May of 1995 with filing a fraudulent claim of exemption for sales taxes, a third-degree felony. See § 212.085, Fla. Stat. (1991). The applicable statute of limitations is section 775.15(3)(a), Florida Statutes (1991), providing that a prosecution for a third-degree felony involving fraud must be commenced within three years of the date of the offense. The statute further provides, however, that if the three year period has expired, a prosecution may still be commenced for fraud or breach of fiduciary obligation “within 1 year after discovery of the offense by an aggrieved party ... but in no case shall this provision extend the period of limitation otherwise applicable by more than 3 years.”
The appellant moved to dismiss the information, arguing that the three year statute of limitations had expired, because the State of Florida was the aggrieved party and had knowledge of the transaction in November of 1990. The trial court agreed with that reasoning and dismissed. The State argues that the fact that the information was in the possession of one state agency, the Department of Motor Vehicles, which is not charged with tax or criminal enforcement, was insufficient to put the State on notice so as to start the running of the statute of limitations. It contends that the statute did not begin to run until the Department of Revenue, which is charged with enforcing this type of crime, was placed on notice by the Delray police. We agree with the State.
Chapter 20 of the Florida Statutes, which sets out the organizational structure of agencies comprising the executive branch of state government, provides for separate departments by function. The Department of Revenue and the Department of Highway Safety and Motor Vehicles are separate departments with neither having supervisory duty over the other. Each is headed directly by the governor and the cabinet. §§ 20.21, 20.24, Fla. Stat. (1991).
The State argues that the trial court erred in imputing the knowledge of one separate and distinct state agency, to another. It has not called our attention to any Florida cases on point; however, we are persuaded by analogous federal cases.
In In re “Agent Orange” Product Liability Litigation, 597 F.Supp. 740, 796 (E.D.N.Y. 1984), the court posed the issue before it as “[t]he legal question is when, where, and to what level does ‘knowledge’ of a fact need to rise before it can be imputed to the ‘government’ for purposes of the government contract defense.” For guidance, the court cited the Restatement (Second) on Agency, section 272, which states: “the liability of a principal is affected by the knowledge of an agent *891 concerning a matter as to which he acts within his power to bind the principal or upon which it is his duty to give the principal information.” Id. at 796. The court concluded that “the knowledge of employees of one federal agency may be imputed to those of another if there is some relationship between the agencies — either some reason for the agency without knowledge to seek the information or a reason for the knowledgeable agency to transmit the information.” Id. at 796.
Wyler v. Korean Air Lines Co., Ltd., 928 F.2d 1167 (D.C.Cir.1991), involved claims arising out of Korean Air Lines (KAL) flight 007 having been shot down after flying into Soviet airspace. Plaintiffs sued KAL and the United States government, but prior to trial the district court entered a summary judgment for the United States on the count alleging a breach of a duty to warn. Plaintiffs’ theory was that United States government knew or should have known that the plane was off course based upon knowledge available from Air Force trackers working as part of the North American Aerospace Defense Command (“Norad”). In affirming, the court explained:
Appellants also contend that the government had a general duty to monitor and warn, suggesting that the knowledge supposedly available to the USAF trackers could be imputed to the government as a whole so as to trigger the FAA’s undoubted duty to transmit such course information to KE007. There is, however, no basis for holding “the United States liable based upon the collective knowledge of its employees.” One federal agency “should not be charged with knowledge of what another is doing simply because both are components of the same federal government.”
[[Image here]]
In this ease ... the Air Force and FAA have clearly delineated duties vis-a-vis control of military and civilian aircraft respectively, and there is no basis for holding the government hable for failure to warn a civilian aircraft if the Air Force knew of the course deviation but the FAA did not. Indeed, even within the FAA, imputation of knowledge between different agency operations may not be justified: “[T]he duties of [FAA] air controllers and the procedures that govern them are not analogous to other facets of the FAA operations or the work of other federal agencies.” Clemente v. United States, 567 F.2d 1140, 1147 n. 10 (1st Cir.1977), cert. denied, 435 U.S. 1006, 98 S.Ct. 1876, 56 L.Ed.2d 388 (1978).
Wyler, 928 F.2d at 1171-72.
See also United States v. Schiffer, 831 F.Supp. 1166, 1204 n. 45 (E.D.Pa.1993), aff'd 31 F.3d 1175 (3rd Cir.1994) (“Knowledge by other federal agencies or authorities, such as the Army, of an applicant’s criminal record [Nazi war criminal] cannot be imputed to the INS.”), and United States v. Accardo, 113 F.Supp. 783 (D.N.J.1953).
We conclude, based on the above authorities, that when the Florida Department of Motor Vehicles was notified in 1990 of the purchase of the vehicle with the use of the tax exemption, that notice should not have been imputed to the Department of Revenue. We therefore reverse the dismissal of the information.
POLEN and PARIENTE, JJ., concur.