967 So.2d 230 (2007)
Alberto CASTRO and Clara L. Castro, Petitioners,
v.
MIAMI-DADE COUNTY CODE ENFORCEMENT, Respondent.
No. 3D06-1326.
District Court of Appeal of Florida, Third District.
July 18, 2007.
Rehearing Denied November 9, 2007.
*231 Carbonell Law Firm, and Alberto M. Carbonell, Plantation, for petitioners.
R.A. Cuevas, Jr., Acting Miami-Dade County Attorney, and Diamela del Castillo, Assistant County Attorney, for respondent.
Before FLETCHER, SHEPHERD, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
Petitioners, Alberto Castro and Clara L. Castro (the "Castros"), via petition for writ of certiorari, seek review of a decision of the circuit court sitting in its appellate capacity denying their petition for writ of certiorari and finding that the doctrine of equitable estoppel does not preclude the Respondent, Miami-Dade County (the "County"), from enforcing its set-back requirements ordinance against the Castros. Because we find that the appellate division of the circuit court failed to apply the correct principle of law in resolving the issue, we grant the petition for writ of *232 certiorari and quash the circuit court's order.
The undisputed facts of this case, as set out in Judge Bernstein's concurring opinion and contained in the record, are as follows. In 1983, the Castros purchased a townhouse that was built in 1980 as part of a townhouse development community, which, after a public hearing, was approved by the County with the requested special exceptions and non-use variances pursuant to Resolution No. 4-ZAB-448-78. At the time the Castros purchased their townhouse, it came with an already-built family room addition for which the prior owners had obtained the proper building permits. Judge Bernstein concluded that "the addition is located about five feet away from the rear property line, apparently violating the zoning ordinance in existence at that time." The set-back ordinance at the time the addition was built provided that front and rear setbacks must be at least fourteen feet.[1] Notwithstanding the addition's "apparent" violation of the zoning ordinance, the County subsequently issued another building permit on February 23, 1993, for a hurricane re-roof, which included re-roofing of the addition. The County also issued a building permit on June 03, 2004, for iron works that again included the addition.
In 2003, the County passed section 33-50 of the Miami-Dade County Code (the "Code") requiring twenty-five foot setbacks of both the front and rear of residential structures and setbacks of five to seven and one-half feet on the sides, within this zoning classification. This ordinance applied retroactively and contained no sunset provision. On April 16, 2004, more than twenty years after the Castros purchased their townhouse, which came with the family room addition, a Code Enforcement Officer issued a warning citation to the Castros for illegally constructing the addition in violation of section 33-50 of the Code. The Code Enforcement Officer referred the matter to the Miami-Dade Building Department. The Miami-Dade Building Department issued a report finding that the family room addition on the Castros' property was completed prior to 1983 after the original owners had acquired the requisite permits, and that the case had been opened in error as no building violation existed. Not satisfied with this outcome, the Code Compliance Officer on September 9, 2004, cited the Castros with "maintaining the addition" in violation of the required setbacks of section 33-50 of the Code. After an evidentiary hearing, the Miami-Dade County Code Enforcement Board affirmed the citation. In her order, the administrative officer did not make any factual findings as to the validity of the permits, the actual set-back measurements of the property, or the applicable set-back ordinance pertaining to this particular property. Instead, the hearing officer only specified that the preponderance of the evidence established that the Castros were responsible for violating section 33-50 of the Code.
The Castros challenged the hearing officer's order via petition for writ of certiorari to the circuit court sitting in its appellate capacity. The Castros argued on appeal, in pertinent part, that the County should be equitably estopped from enforcing section 33-50 of the Code against their property since the addition was already built when they bought the townhouse and the prior owners had obtained all of the required permits for the addition. The circuit court denied the petition without a *233 written majority opinion. Judge Bernstein in his concurring opinion, however, specifically noted that although the majority's approval of the Code Enforcement Board's decision was "clearly inequitable" and "justice is thoroughly offended," he was compelled to concur with the majority's decision "as by law, equitable estoppel can not lie in this case." Additionally, Judge Bernstein concluded that the building permits issued for the addition were invalid since the addition "apparently" violated the fourteen-foot set-back requirements when they were issued. He, therefore, concluded that the Castros could not, by law, invoke the doctrine of equitable estoppel against the County. The Castros seek quashal of the circuit court's order and a finding by this court that the County should be equitably estopped from enforcing section 33-50 of the Code regarding the addition to their home, which was made over twenty-five years ago in reliance of the permits issued by the County.
We begin our analysis, acknowledging, as we must, that the "scope of the district court's review on second-tier certiorari is limited to whether the circuit court (1) afforded procedural due process, and (2) applied the correct law." Miami-Dade County v. Omnipoint Holdings, Inc., 863 So.2d 195, 199 (Fla.2003); S. Group Indem., Inc. v. Humanitary Health Care, Inc., 32 Fla. L. Weekly D1396, D1397, ___ So.2d ___, ___, 2007 WL 1542019 (Fla. 3d DCA May 30, 2007)("[T]he proper inquiry under second-tier certiorari review is whether the circuit court afforded procedural due process and whether it applied the correct law."). However, while "the district courts are governed by a very narrow standard of review, discretionary use of its certiorari power must not be so narrowly applied as to deprive litigants and the public [of] essential justice." S. Group Indem., 32 Fla. L. Weekly at D1397, ___ So.2d at ___.
The sole issue before this court is whether the circuit court correctly applied the law of equitable estoppel in this case. The doctrine of equitable estoppel may be invoked against a governmental entity just as if it were an individual. Hollywood Beach Hotel Co. v. City of Hollywood, 329 So.2d 10, 15 (Fla.1976). The doctrine of equitable estoppel may be invoked against a governmental entity where (1) a property owner in good faith reliance (2) upon some act or omission of the government (3) has made such a substantial change in position or has incurred such extensive obligations and expenses that it would be highly inequitable and unjust to destroy the right he or she acquired. Id. at 15-16; Sun Cruz Casinos, L.L.C. v. City of Hollywood, 844 So.2d 681, 684 (Fla. 4th DCA 2003); Equity Res., Inc. v. County of Leon, 643 So.2d 1112, 1117 (Fla. 1st DCA 1994); see also Coral Springs St. Sys., Inc. v. City of Sunrise, 371 F.3d 1320, 1334 (11th Cir.2004)(applying Florida law).
The doctrine of equitable estoppel, however, may only be applied against a governmental entity under exceptional circumstances. Monroe County v. Hemisphere Equity Realty, Inc., 634 So.2d 745, 747 (Fla. 3d DCA 1994). We find that the County's issuance of the required permits to the original owners, well before the Castros purchased their home from them with the addition already built; the Castros' continued use of the addition; and, the Castros' reliance upon the validity of the permits issued during a period of over twenty-five years, presents such an exceptional circumstance. We specifically find that it would be unconscionable to deny the Castros the protections afforded by the doctrine under the circumstances of this case. We agree with Judge Bernstein that under the circumstances of this case, *234 "gross inequities are at play" and "justice is thoroughly offended by the decision rendered by the Code Enforcement Board and approved by the majority." The fact that the County initially issued permits for the construction of the family room addition, and subsequently issued additional permits for the improvement and maintenance of the family room addition over the last twenty-five years, with the knowledge that the Castros were incurring a substantial investment of time and money in reliance that the building permits were properly issued, establishes that it would be grossly unfair to deny the Castros the doctrine of equitable estoppel. At this stage of the game, it would be grossly inequitable to allow the County to repudiate its prior conduct and require the Castros to demolish their family room addition.
As Florida courts have emphasized, "[t]he doctrine of equitable estoppel is based fundamentally on `rules of fair play.'" Equity Res., 643 So.2d at 1119 (quoting Town of Largo v. Imperial Homes Corp., 309 So.2d 571, 573 (Fla. 2d DCA 1975)). More broadly stated:
Stripped of the legal jargon which lawyers and judges have obfuscated it with, the theory of estoppel amounts to nothing more than an application of the rules of fair play. One party will not be permitted to invite another onto a welcome mat and then be permitted to snatch the mat away to the detriment of the party induced or permitted to stand thereon. A citizen is entitled to rely on the assurances or commitments of a zoning authority and if he does, the zoning authority is bound by its representations, whether they be in the form of words or deeds. . . .
Coral Springs St. Sys., 371 F.3d at 1334-35 (quoting Imperial Homes, 309 So.2d at 573)(applying Florida law); Equity Res., 643 So.2d at 1119-20 (quoting Imperial Homes, 309 So.2d at 573). The rules of fair play require us to conclude that under the facts of this case, the County is equitably estopped from enforcing section 33-50 of the Code against the Castros. Thus, we hold that the circuit court erred in failing to apply the doctrine of equitable estoppel to the circumstances of this case and thereby departed from the essential requirements of the law.
We, therefore, grant the petition for writ of certiorari and quash the order rendered by the circuit court.
PETITION GRANTED.
NOTES
[1] The Miami-Dade County Code applicable at the time defined "setback" as "[t]he minimum horizontal distance between the street, rear or side lines of the lot and the front, rear, or side lines of the building." Miami-Dade County, Fla., Code § 33-1(96) (1978).