GERSTEN, C.J.
 

 Monroe County (“the County”) seeks certiorari to quash a circuit court’s order dismissing a notice of code violation. We grant the petition.
 

 A County inspector issued a six-count notice of violation against Sandra L. Carter (“the property owner”). The main violation was a prohibited habitable downstairs enclosure. Apparently, at the time the inspector issued the notice of violation, the inspector did not indicate the date the enclosure was built.
 

 Thereafter, the joroperty owner sought a variance and requested a hearing before a special magistrate. The special magistrate determined that the property owner violated all six counts contained in the notice, and ordered her to correct the violations within a reasonable time. After the hearing before the special magistrate, the property owner sought certiorari in the circuit court.
 

 Ultimately, the circuit court dismissed the notice of violation, holding that the County failed to comply with section 162.21(c)(3), Florida Statutes (2005), which requires that a code enforcement citation indicate the date and time the civil infraction was committed. The County then sought certiorari in this Court.
 

 The County asserts that the circuit court departed from the essential requirements of law because it improperly imposed a requirement to provide the inception date of the code violation on the notice of violation. The property owner contends that the circuit court did not depart from the essential l-equirements of law because the inception date of the code violation is necessary for asserting defenses, such as
 
 *1021
 
 laches, estoppel, or statute of limitations. We agree with the County.
 

 In certiorari proceedings, our scope of review, known as second-tier review, is limited to questions of whether the trial court (1) afforded due process and (2) observed the essential requirements of the law.
 
 See, Miami-Dade County v. Omni-point Holdings, Inc.,
 
 863 So.2d 195, 199 (Fla.2003);
 
 see also Clay County v. Kendale Land, Dev., Inc.,
 
 969 So.2d 1177, 1180 (Fla. 1st DCA 2007);
 
 Castro v. Miami-Dade County Code Enforcement,
 
 967 So.2d 230, 233 (Fla. 3d DCA 2007).
 

 Here, the circuit court afforded the property owner due process.
 
 See Keys Citizens for Responsible Gov’t, Inc. v. Fla. Keys Aqueduct Auth.,
 
 795 So.2d 940, 948 (Fla.2001). However, the circuit court applied the wrong law in this case.
 

 Chapter 162, Florida Statutes, governs code enforcement procedures. Chapter 162 is divided into two parts. Part I, sections 162.01-162.13, establishes the pleading and proof requirements for an administrative proceeding, whereas Part II, sections 162.21-162.30, relates to the pleading and proof requirements for a civil court action.
 
 See Sarasota County v. Nat’l City Bank of Cleveland,
 
 902 So.2d 233, 235 (Fla. 2d DCA 2005).
 

 Here, the circuit court applied Part II, section 162.21(3)(c)(3), which requires that a citation list the “date and time the civil infraction was committed,” to a Part I administrative enforcement proceeding. By applying 162.21(3)(e)(3) to a notice of violation in an administrative enforcement proceeding, the circuit court created an additional non-required pleading and proof requirement for the County.
 

 The appropriate procedure for this Part I administrative enforcement proceeding is found in section 162.06(2). Section 162.06(2) provides that, “if a violation of the codes is found, the code inspector shall notify the violator and give him or her a reasonable time to correct the violation.” In this Part I proceeding, the notice of violation need only state the date the inspector found the violation.
 

 The purpose of Part I is to “provide an equitable, expeditious, effective, and inexpensive method of enforcing any code and ordinance in force.” § 162.02. In these administrative proceedings, there is no requirement that the County allege and prove the precise time and inception date on which every violation occurred. Such a requirement would unduly burden the County, particularly, when in numerous circumstances, the violations are committed without the County’s knowledge.
 

 Here, the special magistrate found the property owner violated the code and gave her a reasonable time to correct the violation. Therefore, the circuit court erred in reversing the special magistrate’s findings by imposing Part II, sections 162.21-162.30, pleading requirements to a Part I, sections 162.01-162.13, proceeding.
 

 Accordingly, we find that the circuit court departed from the essential requirements of the law and quash the circuit court’s order.
 

 Petition granted.