SALTER, J.
 

 Monroe County petitions for a writ of certiorari regarding a circuit court order that quashed a building code enforcement
 
 *956
 
 decision and directed dismissal of the administrative enforcement case. We grant the petition and quash the circuit court’s amended opinion of January 11, 2010.
 

 In this case, as in the parties’ prior visit to this Court,
 
 [1]
 
 the underlying question is whether the respondent, Sandra Carter, violated certain Monroe County Code provisions
 
 [2]
 
 pertaining to residential ground-floor enclosures. As before, this is a second-tier review “limited to whether the circuit court (1) afforded procedural due process, and (2) applied the correct law.”
 
 Miami-Dade County v. Omnipoint Holdings, Inc.,
 
 863 So.2d 195, 199 (Fla.2003). In 2006 and 2007, a Monroe County Code Enforcement inspector determined that Ms. Carter was renting a finished ground-floor enclosure to a tenant. Her home had no certificate of occupancy as a duplex, and there was no building permit on file for the conversion of the downstairs area into a habitable apartment.
 

 After a public hearing before a special magistrate at which Ms. Carter appeared and was represented by counsel, the magistrate entered findings of fact, conclusions of law, and an order determining that Ms. Carter had violated six provisions of the Monroe County Code relating to the ground-floor enclosure. The magistrate found that Ms. Carter “failed to prove that Code Enforcement had prior knowledge or notice of the offending property use,” and that “absent inquiry, [Ms. Carter] should not have assumed that [Code Enforcement would] never take action to require removal of the offending use.” The magistrate did not reach two other issues raised by the County, that the doctrine of laches could not apply where (1) “the nonconforming downstairs enclosure has never been lawfully permitted” or (2) “the offending property use defeats [the County’s] effort to protect the public.”
 
 [3]
 

 Ms. Carter sought and obtained a circuit court order reversing the special magistrate’s order on procedural grounds that we, as noted, quashed in 2009. Ms. Carter then sought review by the circuit court on the merits of the special magistrate’s order. In its eleven-page amended opinion, the circuit court determined that the magistrate should have ruled in favor of Ms. Carter on the laches defense as well as the defense of estoppel.
 
 [4]
 
 The circuit court stated that the “record shows that Monroe County was aware of the downstairs enclosure by 1983, apparently levied taxes upon it, and then took absolutely no action whatsoever to enforce against the property.” Citing
 
 Garcia v. Guerra, 738
 
 So.2d 459 (Fla. 3d DCA 1999), the court determined that Ms. Carter’s claim of laches was sufficiently proven in the proceedings before the magistrate.
 

 
 *957
 
 The circuit court cited
 
 Castro v. Miami-Dade County Code Enforcement,
 
 967 So.2d 280 (Fla. 3d DCA 2007),
 
 review dismissed,
 
 975 So.2d 429 (Fla.2008),
 
 review denied,
 
 987 So.2d 79 (Fla.2008), for its determination that Ms. Carter’s claim of equitable estoppel also was sufficiently proven. The County’s second petition to this Court followed.
 

 Laches
 

 The affirmative defense of laches required Ms. Carter to prove four elements: (1) conduct on her part giving rise to the Code Enforcement notices of violation; (2) unreasonable delay by Code Enforcement despite knowledge of Ms. Carter’s violations; (3) a lack of knowledge by Ms. Carter that Code Enforcement would proceed on the violations; and (4) injury or prejudice to Ms. Carter when the violations were prosecuted.
 
 See Dean v. Dean,
 
 665 So.2d 244, 247 (Fla. 3d DCA 1995). In this case, the special magistrate found that Code Enforcement did not have actual knowledge of Ms. Carter’s violations until 2006. The trial court found that information in the records of the Monroe County Property Appraiser should have been imputed to the County Code Enforcement office.
 
 [5]
 
 As a matter of law, however, mere notice to one independent office or agency of government is not imputed to another such office.
 
 State v. Smith,
 
 697 So.2d 889, 891 (Fla. 4th DCA 1997).
 

 The special magistrate also found that Ms. Carter’s experience as a licensed real estate agent in the Florida Keys belied her assertion of reasonable reliance on non-enforcement. The trial court should not have reweighed that credibility assessment and finding.
 
 Dusseau v. Metro. Dade County,
 
 794 So.2d 1270, 1275 (Fla. 2001). The magistrate’s findings were based on competent substantial evidence and should not have been disturbed.
 

 Estoppel
 

 We also find that the circuit court failed to follow the law in its application of equitable estoppel to the County’s notices of violation.
 
 Castro,
 
 967 So.2d 230, involved a residential family room that extended nine feet beyond the setback line imposed by ordinance. The building department had approved permits for the original construction and for later improvements as well. More than twenty years after the owners purchased the home, the code enforcement office issued a notice of violation.
 

 This Court’s decision in
 
 Castro
 
 observed at the outset that the doctrine of equitable estoppel “may only be applied against a governmental entity under exceptional circumstances.” 967 So.2d at 233. In contrast to the facts of that case, here Ms. Carter’s ground-floor enclosure never received a permit or certificate of occupancy for the ground floor apartment. Additionally, the setback violation at issue in
 
 Castro
 
 did not expose the owner (or tenant, in Ms. Carter’s case) to possible death, injury, or property damage, further distinguishing that “exceptional” case from Ms. Carter’s case.
 

 Conclusion
 

 The circuit court departed from the essential requirements of law by reweighing the evidence and substituting its judgment
 
 *958
 
 for that of the special magistrate; by concluding that the County’s enforcement of code violations in this case is barred by the doctrines of laches and equitable estoppel; and by directing the special magistrate to dismiss the notices of violation.
 
 [6]
 

 Petition granted; amended opinion of January 11, 2010, quashed.
 

 [1]
 

 .
 
 Monroe County Code Enforcement v. Carter,
 
 14 So.3d 1019 (Fla. 3d DCA 2009). In the prior case, we granted certiorari and quashed a circuit court order that dismissed the County’s notice of code violations by the respondent on procedural grounds.
 

 [2]
 

 . Monroe County, Fla., Code §§ 6-4 (unsafe buildings), 6-41 (a) (requiring a certificate of occupancy), 9.5-111(1) (unpermitted improvements to a single family residence), 9.5-231 (unauthorized land use (duplex)), and 9.5-317(b)(l)d (prohibiting utilities, temperature control improvements, and habitation in a downstairs enclosure).
 

 [3]
 

 . Protection of the public from flooding, including the life-threatening storm surges created by a major hurricane, is part of the original legislative intent expressed in the applicable ordinances. The focus on human safety is also apparent from the controlling national flood insurance floodplain statutes, regulations, and decisional law.
 

 [4]
 

 . The circuit judge also denied as moot the County's request for a three-judge appellate panel.
 

 [5]
 

 . A code enforcement witness "admitted under oath” that the property appraiser’s card on the property reflected the downstairs enclosure “without habitation” but existing as of 1983. There was no evidence that the property appraisal record had been reviewed by the code enforcement office at any point prior to the hearing. The Monroe County property appraiser is a state constitutional officer, while the code enforcement office reports to the Board of County Commissioners.
 

 [6]
 

 . As an appellate court granting a petition for certiorari, the circuit court could only quash the special magistrate's findings, conclusions, and order. A direction to the administrative agency to dismiss the enforcement action exceeds that authority.
 
 See Clay County v. Kendale Land Dev.,
 
 969 So.2d 1177, 1181 (Fla. 1st DCA 2007).