NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

RONALD K. SIEGLE,                           )
                                            )
           Petitioner,                      )
                                            )
v.                                          )           Case No. 2D15-3293
                                            )
LEE COUNTY, a political subdivision of      )
the State of Florida,                       )
                                            )
           Respondent.                      )
_____ )

Opinion filed March 2, 2016.

Petition for Writ of Certiorari to the Circuit
Court for Lee County; John E. Duryea,
Judge.

Mark A. Ebelini of Knott Ebelini Hart, Fort
Myers, for Petitioner.

James L. Holloway, III, Assistant County
Attorney, Fort Myers, for Respondent.


VILLANTI, Chief Judge.

        Ronald K. Siegle seeks second-tier certiorari review of a circuit court order

affirming a hearing examiner's order that found that the presence of shipping containers

on his commercial property violated the Lee County Land Development Code.  In

reaching her decision, the hearing examiner ruled that she did not have the authority to

consider Siegle's equitable defense of laches to a code enforcement proceeding. The circuit court affirmed, finding that the hearing examiner's authority was limited to determining only whether a violation existed and that the hearing examiner was prohibited from entering an order excusing a violation where one clearly existed. Alternatively, the circuit court found that laches could never be a defense to a code enforcement proceeding as a matter of law. Because the circuit court departed from the essential requirements of the law in each of these rulings, we grant the petition, quash the circuit court's order, and remand for further proceedings.

Siegle owns a piece of commercial property in Lee County, on which he runs a business that repairs large equipment and engines. Siegle took possession of the property in 2002, prior to which it had been used as a newspaper distribution facility. In furtherance of his business, Siegle placed twenty-seven large shipping containers on the property, in which he stores the parts he needs to have on hand to be able to make timely repairs for his customers. Siegle testified that the prior owner had similar shipping containers on the property before Siegle took possession of it.

In 2014, the County cited Siegle for violating section 34-3050 of the Lee County Land Development Code, which prohibits "[t]he use of trucks, truck trailers, or shipping containers for storage of merchandise, produce, or commodities for periods of 48 hours or more." Siegle raised a number of defenses to the code enforcement action, including laches. Siegle contended that the shipping containers had been on the property for approximately twelve years, that they were open and obvious even to a casual passer-by on heavily traveled Highway 41, and that the County's failure to take some action to enforce the code during those twelve years should preclude

enforcement at this point. Additionally, Siegle presented evidence that County building officials had been on his property on at least three occasions during those twelve years, and he alleged that their failure to take any action to enforce the code provision at that point should be considered as part of his laches defense.

After hearing all the evidence and considering written briefs from the parties, the hearing examiner issued a written decision concluding that the defense of laches was "inapplicable" to the code enforcement proceeding because a hearing examiner "does not have equitable power or the authority to grant equitable relief" in code enforcement proceedings. The hearing examiner cited to section 34-145 of the Lee County Land Development Code as barring her consideration of Siegle's equitable defenses.[1] After considering the County's evidence, the hearing examiner found Siegle in violation of the Code and imposed penalties.

Siegle appealed the hearing examiner's decision to the circuit court, specifically challenging the ruling that the hearing examiner did not have the authority to consider equitable defenses. After considering briefing and oral argument, the circuit court affirmed the hearing examiner's decision, concluding that the hearing examiner did not have authority under section 34-145 to consider a defense of laches to a code enforcement proceeding. The circuit court further held that even if such authority

---

[1]This section provides, in pertinent part:

(f) Equitable jurisdiction. Unless specifically provided, the Hearing Examiner does not have the authority to render decisions based on equitable law in any proceeding under section 34-145(a) through (d).

§ 34-145, Lee Cty. Land Dev. Code.

existed, the hearing officer's decision was proper because laches was not an available defense to a code enforcement proceeding as a matter of law. Siegle challenges both of these rulings in his petition to this court.[2]

On the threshold issue of whether the hearing examiner had the authority under section 34-145 to consider Siegle's equitable defenses to the code enforcement proceeding, we agree with Siegle that the circuit court departed from the essential requirements of the law. The hearing examiner and the circuit court both concluded that section 34-145(f) did not grant the hearing examiner the authority to render a decision based on equitable law. However, that interpretation ignores the final clause of the section. The full provision reads:

> (f) Equitable jurisdiction. Unless specifically provided, the Hearing Examiner does not have the authority to render decisions based on equitable law <u>in any proceeding under section 34-145(a) through (d)</u>.

§ 34-145(f), Lee Cty. Land Dev. Code (emphasis added). The identified subsections cover appeals from administrative actions (§ 34-145(a)), variances (§ 34-145(b)), "special exceptions" (§ 34-145(c)), and zoning matters (§ 34-145(d)). Under their plain language, none of these subsections deal with code enforcement proceedings. Therefore, the hearing examiner is not precluded by this section from considering any applicable equitable defenses in a code enforcement proceeding.

Our interpretation of the plain language of section 34-145(f) is reinforced by the canon of statutory construction *expressio unius est exclusio alterius*, under which

---

[2]Siegle raised several other defenses to this enforcement action before the hearing examiner; however, he does not address those defenses in his petition to this court.

"the mention of one thing implies the exclusion of another." State v. Hearns, 961 So. 2d 211, 219 (Fla. 2007); see also Young v. Progressive Se. Ins. Co., 753 So. 2d 80, 85 (Fla. 2000). Pursuant to this canon, when a statute or code provision lists the areas to which it applies, it will be construed as excluding from its reach any areas not expressly listed. See Thayer v. State, 335 So. 2d 815, 817 (Fla. 1976). Applying this canon here, the exclusion of code enforcement proceedings from section 34-145(f) means that the prohibition on consideration of equitable defenses simply does not apply to those proceedings. The County's decision to list the specific categories of proceedings to which equitable defenses do not apply indicates its intent to permit consideration of equitable defenses in all proceedings other than those listed. Therefore, the circuit court's conclusion that the hearing examiner could extend the code language limiting equitable defenses to proceedings not specifically listed in section 34-145(f) constitutes a departure from the essential requirements of the law. On this basis, we must grant Siegle's petition and quash the order on review.

As an alternative basis for affirming the hearing examiner's decision, the circuit court ruled that laches could not be a defense to a code enforcement proceeding as a matter of law. This ruling also constituted a departure from the essential requirements of the law because it contradicts binding precedent on this issue.

We recognize that courts in a number of states have held that laches is not an available defense in a code enforcement action, generally on the theory that code enforcement is a governmental function performed for the benefit of the general public and that laches should not be permitted to infringe on the performance of that type of function. See, e.g., Town of W. Hartford v. Rechel, 459 A.2d 1015, 1019 (Conn.

1983) (holding specifically that "[a] zoning commission 'is not estopped by laches from enforcing its zoning laws' " (quoting Bianco v. Darien, 254 A.2d 898, 902 (Conn. 1969))); Lyublinskiy v. Srinivasan, 887 N.Y.S.2d 119, 120 (N.Y. App. Div. 2009) ("A municipality, it is settled, is not estopped from enforcing its zoning laws either by the issuance of a building permit or by laches." (quoting In re Parkview Assocs. v. City of New York, 519 N.E.2d 1372, 1374 (N.Y. 1988))); Baird v. City of Melissa, 170 S.W.3d 921, 927 (Tex. App. 2005) ("The equitable doctrines of estoppel and laches are not available against a city when it is enforcing zoning ordinances, even if the facts might otherwise support their application, because the city is discharging a governmental function."); Salt Lake Cty. v. Kartchner, 552 P.2d 136, 138 (Utah 1976) ("Ordinarily a municipality is not precluded from enforcing its zoning regulations, when its officers have remained inactive in the face of such violations. The promulgation of zoning ordinances constitutes a governmental function. This governmental power usually may not be forfeited by the action of local officers in disregard of the ordinance."); Vill. of Hobart v. Brown Cty., 678 N.W.2d 402, 410 (Wis. Ct. App. 2004) ("[A] municipality cannot be estopped from seeking to enforce a zoning ordinance violation."). No Florida court has followed this line of reasoning.

In contrast, other states have concluded that laches may be asserted against zoning authorities in some cases—particularly when the municipality or zoning body has taken some affirmative action to permit the violating condition or to allow it to continue. For example, in City & County of San Francisco v. Pacello, 149 Cal. Rptr. 705 (Cal. Ct. App. 1978), the court held that the city could not allow one city department to give the defendant permission to use his property in a certain manner and then turn

- 6 -

around eight and a half years later and have a different city department claim that such use was a zoning violation. Similarly, the court allowed the defense of laches to go forward in Springtime, Inc. v. Douglas County, 187 S.E.2d 874, 877 (Ga. 1972), when the county had notice of the defendant's intended construction plans, issued a building permit for the work, and allowed the work to go forward for four months before instituting a zoning violation action. See also City of Chicago v. Grendys Bldg. Corp., 281 N.E.2d 708, 711 (Ill. App. Ct. 1972) (finding that doctrines of laches and estoppel would bar enforcement of zoning ordinance when there were affirmative acts by city officials that induced the actions of the defendant); Bd. of Zoning Appeals v. Beta Tau Hous. Corp., 499 N.E.2d 780, 782 (Ind. Ct. App. 1986) (affirming the application of the doctrine of laches to preclude the city from enforcing a zoning ordinance against a fraternity house when it had prior notice that the property was to be used as a fraternity house and approved the use); Twp. of Yankee Springs v. Fox, 692 N.W.2d 728, 734 (Mich. Ct. App. 2004) ("Laches can be applied to bar an attempt to abate a zoning ordinance violation."). In these cases, it is generally not the governmental delay standing alone that permits relief, but instead the affirmative action of government officials together with the delay.

Florida law on the issue is sparse. Nevertheless, there are two cases that are instructive on the issue, one of which was binding on the circuit court. In Monroe County v. Carter, 41 So. 3d 954, 957 (Fla. 3d DCA 2010), the Third District recognized laches as an available defense to a code enforcement proceeding but reversed because the property owner had failed to prove the elements of the defense. It is clear from the opinion that the Third District would have permitted the defense of laches to

- 7 -

preclude the code enforcement proceeding had the defendant presented sufficient evidence of when the county gained knowledge of the violating condition.

In addition, this court discussed the issue of laches as a defense to code enforcement actions in Sarasota County v. National City Bank of Cleveland, 902 So. 2d 233, 235 (Fla. 2d DCA 2005). There, this court held that the statute of limitations did not apply in administrative code enforcement proceedings, although it would apply in judicial code enforcement proceedings. This court then addressed laches and similar equitable defenses in dicta, stating:

> [W]e do not rule out the possibility that an administrative enforcement proceeding could be barred by some legal theory relating to delayed enforcement. The record in this proceeding does not allow us to determine whether some theory of laches, estoppel, or due process might bar an enforcement proceeding.

Id. However, we declined to address the "difficult legal issue" of "under what circumstances . . . a local government [may] seek administrative enforcement for code violations of long-standing duration." Id. This language indicates that this court would be open to accepting laches as a defense to code enforcement actions in at least some types of circumstances.

Here, Siegle made the circuit court aware of the Third District's decision in Carter, which was clearly premised on laches being—upon proof of appropriate facts—a valid defense to a code enforcement proceeding. That decision was binding on the circuit court in the absence of authority to the contrary from this court or the supreme court. See Pardo v. State, 596 So. 2d 665, 666 (Fla. 1992) (noting that in the absence of interdistrict conflict, district court decisions bind all Florida trial courts). No such contrary binding authority exists, and what authority does exist, including this court's

- 8 -

dicta in National City Bank, indicates agreement with Carter that laches is an available defense in code enforcement proceedings upon proper proof. And while the circuit court attempted to distinguish Carter in its decision, it did so only by misreading the code provision relating to the hearing examiner's authority to consider equitable defenses. For these reasons, the circuit court's ruling that laches could not be a valid defense to a code enforcement proceeding constituted a departure from the essential requirements of the law.

The final question is the scope of proceedings to be had on remand in light of our quashal of the circuit court's decision. When considering a petition for a writ of second-tier certiorari, this court is limited to determining whether the circuit court departed from the essential requirements of the law. We cannot examine the record and determine in the first instance whether Siegle presented sufficient evidence to establish his asserted defense. See, e.g., Miami-Dade Cty. v. Omnipoint Holdings, Inc., 863 So. 2d 195, 199 (Fla. 2003) (holding that on second-tier certiorari review, "[t]he district court may not review the record to determine whether the underlying agency decision is supported by competent, substantial evidence"); Broward Cty. v. G.B.V. Int'l, Ltd., 787 So. 2d 838, 844 (Fla. 2001) (noting that when reviewing a case on second-tier certiorari, the appellate court may only quash the order on review if it departs from the essential requirements of the law and "has no power in exercising its jurisdiction in certiorari to enter a judgment on the merits of the controversy . . . nor to direct the [circuit court] to enter any particular order or judgment" (quoting Tamiami Trail Tours, Inc. v. R.R. Comm'n, 174 So. 451, 454 (Fla. 1937))); Snyder v. Douglas, 647 So. 2d 275, 279 (Fla. 2d DCA 1994) (same).

- 9 -

Accordingly, we hold only that a Lee County hearing examiner has the authority to consider equitable defenses to a code enforcement proceeding and that laches may be—upon proper proof—a defense to a code enforcement action. On remand, the circuit court shall reconsider Siegle's appeal in light of the correct law.

Petition granted; order quashed; case remanded for reconsideration in light of this opinion.

CASANUEVA and MORRIS, JJ., Concur.