# Third District Court of Appeal

## State of Florida

Opinion filed July 27, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-817
Lower Tribunal Nos. 13-78 & X600565

_____

**Harvey Rosenfeld,**
Petitioner,

vs.

**Miami-Dade County,**
Respondent.

On Petition for Writ of Certiorari to the Circuit Court for Miami-Dade County, Appellate Division, Lisa S. Walsh, Milton Hirsch, Alberto Milian, Judges.

Harvey Rosenfeld, in proper person.

Abigail Price-Williams, Miami-Dade County Attorney, and Lauren E. Morse, Assistant County Attorney, for respondent.

Before SHEPHERD, ROTHENBERG and SCALES, JJ.

PER CURIAM.

Petitioner Harvey Rosenfeld, a resident of New York, is a co-owner of a residence in Aventura, Florida. In the fall of 2012, Petitioner received a quarterly

water bill from the Miami-Dade Water and Sewer Department ("WASD") in the amount of $2,825.40, an amount substantially higher than Petitioner's customary, quarterly water bill. Petitioner sought an adjustment under WASD's policy allowing a one-time adjustment for an underground or concealed leak.

WASD denied the adjustment. Petitioner obtained an administrative hearing regarding the high bill and the corresponding denial of an adjustment. During the hearing, Petitioner conceded that the leak was due to a faulty toilet flapper. Petitioner was unable to address the malfunctioning toilet flapper timely because Petitioner did not occupy the residence during the entirety of the billing quarter, and thus was unaware of the problem.

The hearing examiner found in favor of Respondent Miami-Dade County. According to WASD's rules, adjustments are not made for leaks occurring in a toilet. WASD does not consider a toilet leak to be a concealed leak.

Petitioner sought review of the administrative denial. The Miami-Dade Circuit Court, appellate division, rendered an unelaborated, per curiam affirmance of the hearing examiner's order. The case is presented to this Court for second-tier certiorari review of the circuit court's decision.

While we recognize Petitioner's distress about Respondent's minimum notification procedures when high water usage is detected, our scope of review on second-tier certiorari is limited to whether the circuit court afforded Petitioner

2

procedural due process and applied the correct law. <u>Monroe Cty. v. Carter</u>, 41 So. 3d 954, 955 (Fla. 3d DCA 2010). We find no indication in the record that the circuit court appellate division erred in its review of the hearing officer's order. Therefore, we are compelled to deny the petition.

Petition denied.