# Third District Court of Appeal

## State of Florida

Opinion filed May 5, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-308
Lower Tribunal No. 19-82 AP
_____

**Miami-Dade County,**
Petitioner,

vs.

**Snapp Industries, Inc.,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Appellate Division, Daryl E. Trawick, Lisa S. Walsh and Maria de Jesus Santovenia, Judges.

Geraldine Bonzon-Keenan, Miami-Dade County Attorney, and Ryan Carlin and Dennis A. Kerbel, Assistant County Attorneys, for petitioner.

Spink, Shrouder & Karns, P.A., and Ryan C. Shrouder (Cooper City), for respondent.

Before EMAS, C.J., and SCALES and LOBREE, JJ.

SCALES, J.

Petitioner Miami-Dade County seeks second-tier certiorari review of an opinion rendered by the circuit court's appellate division. The circuit court's opinion reversed a hearing officer's determination that respondent Snapp Industries, Inc. was in violation of section 33-8(a) of the Miami-Dade County Code.[1]

Specifically, in its opinion, the circuit court determined: (i) that the hearing officer denied due process to Snapp Industries when the hearing officer refused to allow counsel for Snapp Industries to proffer additional information as the hearing was concluding; and (ii) the hearing officer's decision was not supported by competent substantial evidence because the County's representative at the hearing mentioned that the County's records, and therefore its computer search, of Snapp Industries' property were incomplete. As for the remedy, the circuit court "reversed" the decision of the hearing officer, but also "remanded" the case "with instructions to dismiss the citation."

On second-tier certiorari, our review is limited to whether the circuit court afforded the petitioner procedural due process and applied the correct law. Nader v. Fla. Dep't of Highway Safety & Motor Vehicles, 87 So. 3d 712,

---

[1] This provision requires all businesses located in unincorporated Miami-Dade County to obtain a certificate of use, which evidences the appropriate zoning use for the business's occupation of its property.

723 (Fla. 2012). The County puts forth three arguments in its petition: (i) the circuit court reweighed the evidence presented at the evidentiary hearing and, by doing so, applied the incorrect law; (ii) the circuit court erred in its determination that the hearing officer violated Snapp Industries' due process rights; and (iii) the circuit court exceeded its jurisdiction by remanding the case with an instruction to the hearing officer to dismiss the citation.

After careful consideration, we conclude that the circuit court applied the correct law. On first-tier certiorari review, the circuit court was required to determine whether the hearing officer's findings were supported by competent substantial evidence. Fla. Power & Light Co. v. City of Dania, 761 So. 2d 1089, 1092 (Fla. 2000). The circuit court did just that, notwithstanding the County's quarrel with both the circuit court's analysis and the result of the circuit court's inquiry. We also conclude that, while the County may disagree with the circuit court's due process analysis, the circuit court again applied the correct law in determining that the hearing officer had denied Snapp Industries due process. Hence, we deny the petition as to these two substantive grounds.[2]

---

[2] Both grounds for the circuit court's reversal of the hearing officer's decision express the circuit court's concern that the County's proof of the alleged violation was insufficient.

The County's final point, however, is well taken. The remedy available to the circuit court was limited to quashing the hearing officer's order, and nothing more. Clay Cnty. v. Kendale Land Dev., Inc., 969 So. 2d 1177, 1180-81 (Fla. 1st DCA 2007). "As an appellate court granting a petition for certiorari, the circuit court could only quash the special magistrate's findings, conclusions, and order. A direction to the administrative agency to dismiss the enforcement action exceeds that authority." Monroe Cnty. v. Carter, 41 So. 3d 954, 958 n.6 (Fla. 3d DCA 2010).

We, therefore, deny the petition as to its substantive grounds, but grant the petition to the extent that it challenges the portion of the circuit court's opinion that remanded the case with an instruction to the hearing officer to dismiss the citation. The circuit court appellate division shall reissue its opinion so that the decision of the hearing officer is quashed, and no other remedy is provided.

Petition granted in part, denied in part.