# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-5193

_____

KENNETH L. DOWELL, d/b/a
KEN'S PAINT & BODY,

    Appellant,

    v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Appellee.

_____

On appeal from the Circuit Court for Santa Rosa County.
David Rimmer, Judge.

May 2, 2019

PER CURIAM.

Kenneth L. Dowell, d/b/a Ken's Paint & Body ("Dowell"), challenges the trial court's order granting summary judgment to State Farm Mutual Automobile Insurance Company ("State Farm") in an action arising from a vehicle lien claimed by Dowell for towing and service charges. The trial court determined that Dowell's failure to provide timely notice of the lien to the vehicle owner was fatal to each of Dowell's theories of recovery against State Farm. We agree and affirm.

*Background*

On March 15, 2014, at the request of law enforcement, Dowell towed a disabled 2011 Jeep Compass from a crash scene to his towing business. At the scene of the accident, law enforcement provided Dowell with the vehicle owner's name and address, and the vehicle tag and identification numbers.

After the Jeep went unclaimed for almost two weeks, Dowell sent a "Notice of Lien and Proposed Sale of Vehicle, Mobile Home or Vessel" to the Jeep's owner on March 28, 2014. The notice informed the Jeep owner that Dowell was in possession of the vehicle and claimed a lien against it for the following charges: $100 towing fee, $35 administrative fee, $300 lien filing fee, and $288.20 in storage fees, which would continue to accumulate at $21.30 per day. Among other disclosures, the notice stated that the lien was subject to enforcement pursuant to section 713.78, Florida Statutes (2013), and that the Jeep would be sold at a public sale on April 21, 2014, at 10:00 a.m. unless it was redeemed from Dowell by payment "as allowed by law." The sale proceeded as planned and Dowell was the sole bidder. Afterward, Dowell obtained a certificate of title to the Jeep issued by the State of Florida.

According to the allegations of the complaint, State Farm, the Jeep's insurer, subsequently applied for and received a "salvage vehicle" title certificate from the State of Georgia, despite knowing about Dowell's possession and ownership of the Jeep. Dowell, having no knowledge of the salvage title, repaired the Jeep for resale. About a year later, Dowell discovered the existence of the salvage title. Dowell sued State Farm, asserting that its intentional and wrongful registration of the Jeep as a salvage vehicle destroyed essentially all its marketable value as a used automobile. He sought damages for conversion and slander of title, and in the alternative, foreclosure of his lien for towing and storage charges.

State Farm moved for summary judgment, arguing that the public sale of the Jeep was not valid because Dowell failed to comply with section 713.78, Florida Statutes, the statute on which Dowell's claim of lien and ownership of the vehicle is based. The trial court agreed, finding that the public sale was null and void

2

because Dowell failed to meet a statutory notice requirement. The trial court granted State Farm's motion for summary judgment because Dowell's claims depended on his ownership of the Jeep and, in the absence of a valid public sale, Dowell could not prevail.

*Analysis*

Section 713.78 governs liens for recovering, towing, or storing vehicles or vessels. The statute grants a towing-storage operator, such as Dowell, a lien on a vehicle for reasonable towing and storage charges incurred at the request of law enforcement. § 713.78(2)(d), Fla. Stat.

The statute also sets forth the procedure by which a towing-storage operator can enforce a lien by public sale. Relevant here, subsection (4) provides that a person "who claims a lien for recovery, towing, or storage services" must give notice to the registered owner of the vehicle, the insurance company insuring the vehicle, and to all persons claiming a lien against the vehicle. § 713.78(4)(a), Fla. Stat. The notice must be sent to these potential stakeholders "*within 7 business days after the date of storage of the vehicle*[.]" § 713.78(4)(c), Fla. Stat. (emphasis added). In addition, the notice must disclose the following:

> the fact of possession of the vehicle or vessel, that a lien as provided in subsection (2) is claimed, that charges have accrued and the amount thereof, that the lien is subject to enforcement pursuant to law, and that the owner or lienholder, if any, has the right to a hearing as set forth in subsection (5), and that *any vehicle or vessel which remains unclaimed, or for which the charges for recovery, towing, or storage services remain unpaid, may be sold free of all prior liens after 35 days* if the vehicle or vessel is more than 3 years of age or after 50 days if the vehicle or vessel is 3 years of age or less.

*Id.* (emphasis added). The statute further provides that "[i]f the date of the sale was not included in the notice required in subsection (4)," the towing-storage operator must provide notice of the sale to the registered owner and lienholders by certified mail at least 15 days before the date of the sale. § 713.78(6), Fla. Stat. Public notice of the time and place of sale is also required in a

3

newspaper of general circulation in the county in which the sale is to be held. *Id.*

In the present case, Dowell concedes that he failed to send the required notice to the vehicle owner within 7 business days after the initial date of storage, contrary to the mandatory language of subsection (4).[1] However, he contends the only sanction or penalty for missing the notice deadline is found in subsection (9) of the statute, which provides as follows:

> Failure to make good faith best efforts to comply with the notice requirements of this section shall preclude the imposition of any storage charges against such vehicle or vessel.

§ 713.78(9), Fla. Stat. Dowell contends that, under subsection (9), he admittedly forfeited his right to collect storage fees but argues that nothing in subsection (9) impacts his right to be paid a reasonable towing fee. Thus, according to Dowell, the public sale was valid because the lien as to the towing charge was still enforceable. This court reviews issues of statutory interpretation de novo. *Lopez v. Hall*, 233 So. 3d 451, 453 (Fla. 2018).

We find Dowell's reliance on subsection (9) to be misplaced. Regardless of whether he forfeited the storage charges for the Jeep but still possessed a lien on the vehicle for the $100 towing fee, he was not entitled to proceed with enforcement of the lien by public sale when the required notice of the lien and public sale was untimely.

The notice requirements of paragraph (4)(c) are not discretionary; nor are they a technicality. Based on the plain language of the statute, timely notice is mandatory and serves several essential purposes, including making the vehicle owner aware that (1) towing and storage charges have been incurred, (2) a lien exists to secure payment of those charges, and (3) the towing-storage operator can enforce the lien—and in this case, will enforce the lien—by selling the vehicle if the charges remain unpaid after

---

[1] There were no vehicle lienholders in this case.

35 days.[2] § 713.78(4)(c), Fla. Stat. Additionally, because the notice here set the date, time, and location of the sale, this was the only notice of sale required to be sent directly to the vehicle owner. *See* § 713.78(6), Fla. Stat. For these reasons, time is of the essence. If we took Dowell's argument to the extreme—that the failure to comply with the notice deadline is of no consequence to a foreclosure sale—we would have to uphold a sale even if no notice of the sale was provided to the vehicle owner at all. This would amount to writing the notice provisions out of the statute, which we are not willing to do. *See Holly v. Auld*, 450 So. 2d 217, 219 (Fla. 1984) ("[C]ourts of this state are without power to construe an unambiguous statute in a way which would extend, modify, or *limit*, its express terms or its *reasonable and obvious implications*.") (quoting *Am. Bankers Life Assurance Co. of Fla. v. Williams*, 212 So. 2d 777, 778 (Fla. 1st DCA 1968)).

For these reasons, we affirm the trial court's order granting summary judgment for State Farm.

AFFIRMED.

ROBERTS, RAY, and WINSOR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Danny L. Kepner and Louis "Trip" Maygarden of Shell, Fleming, Davis & Menge, P.A., Pensacola, for Appellant.

Jared P. Gann of Kirkland, McGhee & Gann, Pensacola, for Appellee.

_____

[2] Dowell sold the Jeep 37 days after it was towed, consistent with the disclosure in the notice.

5