# Third District Court of Appeal
## State of Florida

Opinion filed June 17, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1448
Lower Tribunal No. 24-16890-CA-01
_____

## American Eagle Towing, Inc., et al.,
Appellants,

vs.

## Inter Freight, Inc.,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Silver & Silver, Attorneys, and Ira S. Silver, for appellants.

Mathis Law Group, and Jessica L. Klein, Michael M. Ricobaldi and Brian K. Mathis (Ft. Lauderdale), for appellee.

Before SCALES, C.J., and LOBREE and GOODEN, JJ.

SCALES, C.J.

American Eagle Towing, Inc. and All in 1 Used Truck Parts & Tires Repair, Inc., the defendants below (together, "Appellants"), appeal a June 29, 2025 final summary judgment in favor of appellee Inter Freight, Inc., the plaintiff below. After Appellants, pursuant to section 713.78 of the Florida Statutes, asserted an August 15, 2024 towing/storage lien on Inter Freight's vehicle – claiming an $1,800 storage charge incurred since July 9, 2024 – Inter Freight filed a five-count complaint against Appellants. While Inter Freight's complaint also alleged counts for injunction, replevin and conversion, Inter Freight essentially sought a declaration that Appellants' purported lien was invalid because Appellants had failed to strictly comply with the requirements of section 713.78.

After conducting a June 12, 2025 hearing, the trial court entered a detailed summary judgment order declaring that Appellants had failed to comply with the requirements of section 713.78(4)(c),[1] that their purported lien was invalid, and that Inter Freight was entitled to the recovery of its vehicle. The judgment noted that Appellants had failed to adduce any summary judgment evidence to establish a disputed issue of material

---

[1] Section 713.78(4)(c) requires a towing-storage operator who claims a lien on a vehicle to provide notice of the lien to the registered owner (and to the vehicle's insurer and any other person claiming a lien) within five business days, excluding a Saturday, Sunday or federal holiday, after the date of storage.

2

fact. The judgment also concluded that Appellants' filings directed toward Inter Freight's summary judgment were noncompliant with certain procedural requirements of Florida Rule of Civil Procedure 1.510. Appellants timely appealed this judgment.[2]

The summary judgment record plainly establishes that Appellants failed to comply with section 713.78(4)(c)'s mandatory five-day notice requirement. The trial court's judgment correctly states that, pursuant to section 713.78(9), Appellants' failure to strictly comply with section 713.78(4)(c)'s notice requirement precluded them from imposing any storage charges against Inter Freight; and further, they could not perfect a statutory lien against the vehicle. Dowell v. State Farm Mut. Auto. Ins. Co., 269 So. 3d 662, 664 (Fla. 1st DCA 2019).

Affirmed.

---

[2] While Appellants characterize the challenged judgment as an appealable non-final order granting immediate possession to property, the challenged judgment is final because it adjudicates the entirety of Inter Freight's claims and ends all judicial labor in the case. Fla. R. App. P. 9.030(b)(1)(A).